Opinion filed November 13, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed November 13,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00057-CV

                                                    __________

 

                             IRN REALTY CORPORATION, Appellant

 

                                                             V.

 

                                   VICENTA
HERNANDEZ, Appellee

 



 

                                          On
Appeal from the 32nd District Court

                                                          Nolan
County, Texas

                                                   Trial
Court Cause No. 18,704

 



 

                                                                   O
P I N I O N

 

Vicenta
Hernandez filed suit against IRN Realty Corporation (IRN Corp.) and Salvador
Neduelan, alleging various causes of action stemming from the purchase of real
estate in Nolan County.  Neduelan did not file an answer or a notice of
appeal.  IRN Corp., a California corporation, filed a special appearance
challenging the trial court=s
jurisdiction.  However, before holding a hearing on the special appearance, the
trial court struck IRN Corp.=s
pleadings for its failure to make a corporate representative available for
deposition.  The trial court then rendered a default judgment against the
defendants jointly and severally in the amount of $5,914,360.  The trial court
subsequently entered an order regarding the special appearance, overruling IRN
Corp.=s motion to
challenge jurisdiction.








IRN
Corp. presents ten issues for review.  In the first four issues, IRN Corp.
contends that the trial court abused its discretion in (1) abating and refusing
to conduct a hearing on the special appearance, (2) denying the motion to quash
and compelling the deposition, (3) refusing to consider IRN Corp.=s motion for continuance,
and (4) awarding monetary sanctions and striking IRN Corp.=s pleadings for failing to
appear for a deposition.  In its fifth and sixth issues, IRN Corp. challenges
the trial court=s
denial of its special appearance.  In the remaining issues, IRN Corp. contends
that the awards for mental anguish and attorney=s
fees are not supported by the evidence.  

IRN
Corp. responded to Hernandez=s
discovery requests but filed a motion to quash the deposition of its corporate
representative in Sweetwater, Nolan County, Texas, urging the court to rule on
its special appearance and contending that it would be unjust for a court
without jurisdiction over it to require its corporate representative to appear
for deposition.  IRN Corp.=s
representative failed to appear in Sweetwater for a deposition that had been
rescheduled after a hearing on the motion to quash.  Hernandez filed a motion
to compel and requested sanctions.  The trial court granted Hernandez=s motion to compel, abated
the special appearance hearing until after IRN Corp. submitted a representative
for deposition, awarded monetary sanctions, and ordered IRN Corp. to make a
corporate representative available for deposition in Sweetwater.  IRN Corp. did
not comply with the court order.  Instead, maintaining that the trial court had
no jurisdiction over it, IRN Corp. again urged the trial court to hold a
hearing and rule on its special appearance.  Upon the second failure to appear
for deposition and the refusal to comply with the trial court=s order on the motion to
compel, the trial court held a hearing and struck IRN Corp.=s pleadings.  Although we
do not condone the actions of IRN Corp. in refusing to obey a court order, we
hold that the trial court abused its discretion under the circumstances of this
case.  

Tex. R. Civ. P. 120a governs special
appearances.  Rule 120a(2) provides that any motion to challenge jurisdiction Ashall be heard and
determined before a motion to transfer venue or any other plea or pleading may
be heard@ (emphasis
added).  Rule 120a(3) provides in part:

The court shall determine the special appearance on the basis
of the pleadings, any stipulations made by and between the parties, such
affidavits and attachments as may be filed by the parties, the results of
discovery processes, and any oral testimony.  The affidavits, if any, shall be
served at least seven days before the hearing, shall be made on personal
knowledge, shall set forth specific facts as would be admissible in evidence,
and shall show affirmatively that the affiant is competent to testify.








Should it appear from the affidavits of a party opposing the
motion that he cannot for reasons stated present by affidavit facts essential
to justify his opposition, the court may order a continuance to permit
affidavits to be obtained or depositions to be taken or discovery to be had or
may make such other order as is just.

Though Rule
120a(2) mandates that a hearing on the special appearance be heard and
determined before any other plea or pleading, some discovery disputes may be
resolved prior to a ruling on a special appearance without violating that
mandate.  Cf. Exito Elecs. Co. v. Trejo, 142 S.W.3d 302, 306-07 (Tex.
2004) (where the issue was not whether the trial court abused its discretion
but, rather, whether a party waived its special appearance by participating in
discovery disputes).  The ruling in Exito was limited to discovery that
related to the special appearance, and Ano
opinion@ was expressed
as to discovery that was not related to the special appearance.  Id. at
306 n.24.  

Although
Rule 120a indicates that depositions may be conducted prior to a ruling on a
special appearance and Exito indicates that some discovery disputes may
be resolved prior to a ruling on a special appearance, the rule specifically
provides for the means to obtain a continuance of the special appearance so
that a deposition may be conducted:  affidavits of the party opposing the
special appearance.  In this case, Hernandez did not file any such affidavit
stating that she could not present facts essential to justify her opposition to
the special appearance or that she needed to depose IRN Corp.=s representative regarding
jurisdiction.  In her motion to compel, Hernandez merely asserted she had been
prevented Afrom
discovering facts necessary to pursue her causes in this action.@  Hernandez did not comply
with the provisions of Rule 120a.  Consequently, we hold that the trial court
abused its discretion in abating the hearing on the special appearance.  See
In re H & R Block, 159 S.W.3d 127, 131-32 (Tex. App.CCorpus Christi 2004, orig.
proceeding).  Therefore, the trial court=s
actions B in granting
the motion to compel, which was not limited to jurisdictional discovery;
awarding sanctions; striking IRN Corp.=s
pleadings; and ultimately entering a default judgment B  constituted an abuse of discretion.  Issues
Nos. One, Two, and Four are sustained.  








We
also must consider the propriety of the trial court=s order overruling IRN Corp.=s special appearance and
its assertion of personal jurisdiction over IRN Corp.[1] 
A court may exercise personal jurisdiction over a nonresident defendant when
(1) the defendant has established minimum contacts with the forum state and (2)
the assertion of jurisdiction complies with traditional notions of fair play
and substantial justice.  Retamco Operating, Inc. v. Republic Drilling Co.,
278 S.W.3d 333, 338 (Tex. 2009).  Whether a court has personal jurisdiction
over a defendant is a question of law, which we review de novo.  Id. at
337; BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex.
2002).  If a trial court issues findings of fact and conclusions of law with
respect to its denial of a special appearance, an appellant may challenge the
fact findings on legal and factual sufficiency grounds.  BMC, 83 S.W.3d
at 794.  In its brief, IRN Corp. argues that the evidence is legally and
factually insufficient to support Athe
trial court=s
resolution of facts involving personal jurisdiction.@  We agree.  

IRN
Corp. properly filed a special appearance challenging the trial court=s jurisdiction.  Attached
to the motion was the affidavit of David Cheng, the president of IRN Corp. 
Cheng averred that IRN Corp. was a California corporation with no authority to
transact business in Texas, no license or permit to engage in real estate
brokering or sales in Texas, and no employees in Texas.  Cheng also stated that
Neduelan was not an employee, agent, or representative of IRN Corp. and that
Cheng as president of the corporation was the Aonly@ employee, agent, or
representative of IRN Corp.  Cheng further averred that IRN Corp. had not
conducted business in Texas and was not involved in the transaction in which
Hernandez purchased real property in Sweetwater.  Hernandez had alleged in her
petition that she had retained Neduelan and AIRN
Realty@ to act as her
buyer=s agent in the
purchase of a motel and restaurant in Sweetwater.  Neduelan allegedly informed
Hernandez that the property was worth much more that it actually was, and
Hernandez relied on Neduelan=s
misinformation.  In the petition, Hernandez asserted that Neduelan was employed
by, and was acting within the scope of his employment with, AIRN Realty.@  Hernandez testified that
Neduelan was her Abroker@ in California, that she
had done business with him before this transaction, that she thought he worked
for AIRN Realty,@ and that she had visited
him at AIRN Realty=s offices@ in California.








 Documents
obtained from the State of California Department of Real Estate and introduced
in the trial court by Hernandez show, however, that Neduelan was a licensed
real estate salesperson whose employing broker at the time of the real estate
transaction at issue in this case was YF Limited, Inc. and that YF Limited,
Inc. was a corporation that did business as AIRN
Realty.@  As evidenced
by a document from the California Secretary of State, which was also introduced
into evidence by Hernandez, IRN Corp. was a separate entity.  The evidence
shows that Cheng was associated with YF, IRN Realty, and IRN Corp. and that
these businesses were located at the same address.  Other than this evidence
and the use of the names of IRN Corp. and IRN Realty by Hernandez, her counsel,
and the trial court in an interchangeable manner, no evidence indicated that
the corporate distinctness of the companies was not honored.  See BMC,
83 S.W.3d at 799-800.  Jurisdiction over an entity related to IRN Corp. does
not amount to jurisdiction over IRN Corp.  In Texas, corporate entities are
presumed to be separate, distinct entities; and a plaintiff attempting to
assert personal jurisdiction against one defendant based on the contacts of
another entity has the burden to prove a basis for doing so.  Id. at
798.  Hernandez failed to meet this burden. 

IRN
Corp.=s attorney, upon
requesting a hearing on the special appearance, explained that IRN Corp. was Ajust a shell corporation@ and stated that Athis defendant is not the
correct defendant to this lawsuit.@ 
The evidence supports these statements.  Contrary to the trial court=s findings of fact, nothing
in the record shows that IRN Corp. (as opposed to YF d/b/a IRN Realty) employed
Neduelan, participated in the transaction at issue, or otherwise subjected
itself to either general or specific jurisdiction in Texas.  Issue No. 5 is
sustained.  The remaining issues need not be addressed as they are not
dispositive of the appeal.  Tex. R. App.
P. 47.1.  

We
vacate the award of sanctions and the final judgment of the trial court insofar
as it relates to IRN Realty Corporation.  Insofar as it relates to defendant
Salvador Neduelan, the trial court=s
judgment remains undisturbed.  See Plas-Tex, Inc. v. U.S. Steel Corp.,
772 S.W.2d 442 (Tex. 1989).  The hearing on the special appearance plea should
have been held as required by Rule 120a.  That rule provided that depositions
or discovery could be ordered; however, none was requested by Hernandez.  We
reverse the trial court=s
order denying IRN Realty Corporation=s
special appearance, and we dismiss without prejudice the claims against IRN
Realty Corporation.  

 

 

JIM R. WRIGHT

CHIEF JUSTICE

November 13,
2009

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J. 









[1]Hernandez asserts that IRN Corp. has waived this issue
by failing to timely file a notice of appeal from the order denying the special
appearance.  We disagree.  This is not an accelerated appeal from an
interlocutory order but, rather, an appeal from a final judgment disposing of
all parties and all issues.  See Tex.
R. App. P. 26.1(b), 28.1 (relating to deadlines for interlocutory
appeals).  Consequently, the notice of appeal was timely pursuant to Tex. R. App. P. 26.1.