Gordon KLINGENSCHMITT,
Appellant,

v.

Michael L. WEINSTEIN and Bonnie
L. Weinstein, Appellees.

No. 05–10–01149–CV.

Court of Appeals of Texas,
Dallas.

March 18, 2011.

Stephen Daniel Casey, Casey Law Office, P.C., Round Rock, TX, for Appellant.

Randal Mathis, Mark M. Donheiser, Mathis & Donheiser, P.C., Dallas, TX, James Shelby Sharpe, Sharpe & Tillman, Fort Worth, TX, for Appellees.

Before Justices MURPHY, FILLMORE, and MYERS.

## OPINION

Opinion By Justice FILLMORE.

This is an interlocutory appeal of the trial court's denial of appellant Gordon Klingenschmitt's special appearance. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(7) (West 2008). We affirm the trial court's denial of Klingenschmitt's special appearance.

### Background

In September 2009, appellees Michael L. Weinstein and Bonnie Weinstein filed suit against Klingenschmitt, Elmer Harmon Ammerman, and the Chaplaincy of Full Gospel Churches (CFGC). Klingenschmitt is not a resident of Texas. He filed a rule 120a special appearance contesting the trial court's jurisdiction over him and an answer to the lawsuit subject to his special appearance. *See* Tex.R. Civ. P. 120a. His answer contained special exceptions to the Weinsteins' petition and requested judg-ment from the trial court on the special exceptions.[1]

On November 23, 2009, the trial court conducted a hearing on the special exceptions contained in Klingenschmitt's first amended answer to the Weinsteins' first amended petition. The trial court signed a December 4, 2009 order sustaining several of Klingenschmitt's special exceptions and requiring that any amendment to the Weinsteins' first amended petition to meet the sustained special exceptions be filed by December 23, 2009.

On December 30, 2009, Klingenschmitt filed a motion to dismiss with prejudice all claims against him in the Weinsteins' second amended petition. Klingenschmitt asserted the Weinsteins' second amended petition failed to comply with the trial court's December 4, 2009 order. He sought dismissal of the Weinsteins' claims of "imminent violence based on Sections 22.01 and 22.07 of the Texas Penal Code (which do not authorize any civil cause of action)," conspiracy, and intentional infliction of emotional distress. He also sought dismissal of the Weinsteins' request for injunctive relief. In his motion to dismiss, Klingenschmitt asserted the trial court ordered the Weinsteins to file an amended pleading alleging (1) acts that would constitute a conspiracy with Ammerman and CFGC, (2) what was published, to whom it was published, and when it was published with regard to the Weinsteins' allegation that Klingenschmitt was "appealing to his followers to acts of imminent violence" through "fatwahs," and (3) sufficient facts to warrant injunctive relief.

On April 19, 2010, the trial court heard Klingenschmitt's motion to dismiss. On April 22, 2010, the trial court signed an

---

1. Ammerman and CFGC filed an answer without contesting the trial court's jurisdiction over them. They also filed special excep-tions to the Weinsteins' petition and requested judgment from the trial court on their special exceptions.

order denying Klingenschmitt's motion to dismiss and special exceptions contained in his second amended answer. Although not contained in the record, the parties do not dispute that the trial court conducted a hearing on Klingenschmitt's motion for reconsideration of his motion to dismiss.

Thereafter, on July 13, 2010, Klingenschmitt filed his brief in support of his rule 120a special appearance challenging the trial court's jurisdiction over him. At the July 19, 2010 hearing of the special appearance, the trial court noted Klingenschmitt's attempts to obtain dismissal of the claims against him and heard argument on the issue of whether Klingenschmitt waived his special appearance under rule 120a(2). The trial court denied Klingenschmitt's special appearance and entered findings of fact and conclusions of law. In addition to its finding of fact that Klingenschmitt has extensive and systematic contacts with Texas and its conclusion of law that Klingenschmitt has continuous and systematic contacts with Texas, the trial court concluded that Klingenschmitt's motion to dismiss and motion for reconsideration of the motion to dismiss sought dismissal of the Weinsteins' claims on the merits and that Klingenschmitt waived his special appearance. Klingenschmitt filed this interlocutory appeal of the trial court's denial of his special appearance.

## Analysis

We first consider whether, as a matter of procedure, Klingenschmitt made a general appearance in this case, and therefore waived his special appearance. *See Dawson–Austin v. Austin,* 968 S.W.2d 319, 321 (Tex.1998).

■ Under rule 120a, a special appearance, properly entered, enables a non-resident defendant to challenge personal jurisdiction in a Texas court. TEX.R. CIV. P. 120a. Rule 120a requires strict compli-

ance, and a non-resident defendant will be subject to personal jurisdiction in Texas courts if the defendant enters a general appearance. *Morris v. Morris,* 894 S.W.2d 859, 862 (Tex.App.-Fort Worth 1995, no writ); *see also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 n. 14, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) ("'[T]he personal jurisdiction requirement is a waivable right."). Rule 120a states that "[e]very appearance, prior to judgment, not in compliance with this rule is a general appearance." TEX.R. CIV. P. 120a(1); *see also Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 201 (Tex.1985).

■ Rule 120a(1) mandates that a special appearance be filed "prior to a motion to transfer venue or any other plea, pleading or motion." TEX.R. CIV. P. 120a(1). "[T]he plain language of Rule 120a requires only that a special appearance be filed before any other 'plea, pleading or motion.'" *Exito Elecs. Co. v. Trejo,* 142 S.W.3d 302, 305 (Tex.2004). "This is sometimes referred to as the 'due-order-of-pleading' requirement." *Id.* at 305. Klingenschmitt contends he did not waive his special appearance by filing his special exceptions, his motion to dismiss, and his motion for reconsideration of the motion to dismiss after filing his special appearance. The Weinsteins do not dispute Klingenschmitt's contention that he satisfied the due-order-of-pleading requirement of rule 120a(1).

Klingenschmitt asserts that while rule 120a requires the filing of a special appearance prior to a motion to transfer venue or any other plea, pleading or motion, the rule does not require the special appearance to be heard prior to any other hearing. However, in addition to the due-order-of-pleading requirement, rule 120a also entails a "due-order-of-hearing" requirement. *See First Oil PLC v. ATP Oil & Gas Corp.,* 264 S.W.3d 767, 776 (Tex.

App.-Houston [1st Dist.] 2008, pet. denied). "The due-order-of-hearing requirement means that a special appearance motion 'shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard.'" *Id.* (quoting Tex.R. Civ. 120a(2)).

The Weinsteins contend Klingenschmitt did not meet the due-order-of-hearing requirement of rule 120a(2). They assert the trial court correctly concluded that pursuant to rule 120a(2), Klingenschmitt waived his special appearance by having his motion to dismiss and motion for reconsideration of the motion to dismiss heard prior to the special appearance and correctly denied Klingenschmitt's special appearance. The Weinsteins contend that the motion to dismiss and motion for reconsideration of the motion to dismiss were inconsistent with Klingenschmitt's special appearance because, as concluded by the trial court, he sought relief on the merits, and, therefore, Klingenschmitt made a general appearance by participation in hearings of those motions prior to the hearing of his special appearance. We agree.

In reply to the Weinsteins' assertion regarding Klingenschmitt's violation of the due-order-of-hearing requirement of rule 120a(2), Klingenschmitt contends his motion to dismiss and motion for reconsideration of the motion to dismiss were not inconsistent with his special appearance. He argues that because his attempts to obtain dismissal of the Weinsteins' claims against him were preceded by special exceptions and based on special exceptions, they were "procedural" and did not constitute "substantive actions." We disagree.

■ A party enters a general appearance and waives a special appearance "when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Trejo,* 142 S.W.3d at 304 (citing *Dawson–Austin,* 968 S.W.2d at 322). The test for a general appearance is whether a party requests affirmative relief inconsistent with an assertion that the trial court lacks jurisdiction. *Dawson–Austin,* 968 S.W.2d at 323.

■ Inconsistent with his special appearance, in his motion to dismiss and motion for reconsideration of the motion to dismiss, Klingenschmitt sought affirmative relief from the trial court in the form of a dismissal with prejudice of the Weinsteins' claims against him. A dismissal with prejudice is an adjudication on the merits. *Love v. Moreland,* 280 S.W.3d 334, 338 (Tex.App.-Amarillo 2008, no pet.). A dismissal with prejudice operates as a final determination on the merits. *Ritchey v. Vasquez,* 986 S.W.2d 611, 612 (Tex.1999). Further, in his motion to dismiss and motion for reconsideration of the motion to dismiss, Klingenschmitt sought dismissal based on the Weinsteins' purported failure to comply with the trial court's order that the Weinsteins plead allegations regarding their claims of conspiracy and imminent violence and that would support their request for injunctive relief. Klingenschmitt makes no assertion that those alleged pleading deficiencies on the part of the Weinsteins are related to his special appearance. Moreover, Klingenschmitt sought dismissal with prejudice of the Weinsteins' claims of "imminent violence based on Sections 22.01 and 22.07 of the Texas Penal Code" because they "do not authorize any civil cause of action." Klingenschmitt's request for dismissal of the claims of imminent violence was not related to his special appearance but was, instead, based on his assertion that those are not valid civil causes of action. The hearing of the motion to dismiss, as well as the

hearing of the motion to reconsider the motion to dismiss, preceded the hearing of Klingenschmitt's special appearance and violated the due-order-of-hearing requirement of rule 120a. *See Carone v. Retamco Operating, Inc.*, 138 S.W.3d 1, 8 (Tex.App.-San Antonio 2004, pet. denied) ("A general appearance occurs when a party invokes the judgment of the court in any way on any question other than that of the court's jurisdiction, without being compelled to do so by a previous ruling of the court. The emphasis is on an affirmative action which impliedly recognizes the court's jurisdiction over the parties . . . .") (citations omitted); *see also Beistel v. Allen*, No. 01–06–00246–CV, 2007 WL 1559840, at *3 (Tex. App.-Houston [1st Dist.] May 31, 2007, no pet.) (mem.op.) (appellant's counsel's objection to admission of an exhibit at a hearing "invoked the judgment of the court on a question other than the court's jurisdiction, recognizing that the action was properly pending in Texas, and sought affirmative action from the court" and counsel's participation in the hearing was inconsistent with assertion in appellant's special appearance that the trial court lacked jurisdiction over her).

In Klingenschmitt's motion to dismiss and motion for reconsideration of the motion to dismiss, he sought affirmative relief inconsistent with his special appearance prior to the hearing and determination of his special appearance. *See* Tex.R. Civ. P. 120a(2); *Trejo*, 142 S.W.3d at 304. We conclude Klingenschmitt waived his special appearance and entered a general appearance by having his motion to dismiss and his motion for reconsideration of the motion to dismiss heard before the hearing on his special appearance. The trial court did not err in denying Klingenschmitt's special appearance. Accordingly, we resolve Klingenschmitt's sole issue against him.

Having concluded that Klingenschmitt entered a general appearance and waived his special appearance, we need not address whether the facts underlying Klingenschmitt's special appearance establish personal jurisdiction over him. *See* Tex. R.App. P. 47.1.

We affirm the trial court's denial of Klingenschmitt's special appearance.