

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00008-CV

SBG DEVELOPMENT SERVICES, L.P.                    APPELLANT

V.

NUROCK GROUP, INC. INDIVIDUALLY AND D/B/A NUROCK DEVELOPMENT, INC.; NUROCK DEVELOPMENT GROUP, INC. D/B/A NUROCK DEVELOPMENT, INC.; NUROCK DEVELOPMENT, LTD. D/B/A NUROCK DEVELOPMENT, INC.; NUROCK DEVELOPMENT TX, LLC D/B/A NUROCK DEVELOPMENT, INC.; AND ROBERT G. HOSKINS, INDIVIDUALLY AND D/B/A NUROCK DEVELOPMENT, INC.                    APPELLEES

----------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

---

[1]*See* Tex. R. App. P. 47.4.

----------

## I. INTRODUCTION

The primary issue we address in this interlocutory appeal is whether a defendant who elects to have his motion to strike the plaintiff's pleadings and to dismiss the plaintiff's claims against him heard prior to his special appearance has thereby made a general appearance and waived his special appearance. Because we answer this question in the affirmative, we will reverse the trial court's order sustaining the special appearance filed by Appellee Robert G. Hoskins.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Appellant SBG Development Services, L.P. sued NuRock Development Group, Inc.; NuRock Development, Ltd.; NuRock Development TX, LLC; and Robert C. Hoskins, individually, for breach of contract, quantum meruit, and attorney's fees. In a single pleading, Hoskins filed a special appearance, and subject thereto, the NuRock entities filed an original answer and special exceptions. SBG subsequently amended its petition twice: SBG named each of the NuRock entities as "d/b/a NuRock Development, Inc."; sued Hoskins in his individual capacity and d/b/a NuRock Development, Inc.; added NuRock Group, Inc. to the suit; and added claims for fraud by nondisclosure, breach of fiduciary duty, civil conspiracy, and alter ego and abuse of the corporate form. NuRock Group, Inc. answered and filed a general denial. The named NuRock defendants are referred to collectively herein as Appellees.

On August 13, 2010, the trial court conducted a hearing on Appellees' special exceptions and granted them.[2] SBG then filed its fourth amended petition.

Appellees, including Hoskins, subsequently filed a combined motion to strike SBG's pleadings and motion for sanctions.[3] The motion to strike portion of the pleading requested that the trial court "strike and dismiss all causes of action asserted by" SBG because SBG had allegedly failed to comply with the trial court's special exceptions order. The motion to strike challenged SBG's pleadings concerning every element of every cause of action SBG alleged, including all causes of action alleged against Hoskins; the motion to strike was

_____

[2]The order granting Appellees' special exceptions states that the trial court heard Appellees' special exceptions on August 13, 2010, and reset Appellees' special appearance.

[3]Appellees' motion to strike and for sanctions begins by providing, "NOW COME Defendants . . . and Robert Hoskins (collectively, 'Defendants') file their Motion to Strike Plaintiff's Pleadings as to all causes of actions asserted against the NuRock Entities and Mr. Hoskins."

The motion for sanctions portion of the pleading sought sanctions based on Texas Rule of Civil Procedure 13 and under chapter 10 of the civil practice and remedies code, alleging that "SBG and its legal counsel filed the pleading against NuRock Development Group, Inc., . . . and Mr. Hoskins in bad faith and/or for the purpose of harassment." The motion for sanctions also alleged that "it was necessary" for "Mr. Hoskins to incur attorneys [sic] fees in preparing this motion for sanctions" and sought an award of "all reasonable attorneys [sic] fees incurred" as well as "[a] penalty to be paid into the court in the amount of at least $10,000.00."

not limited in any way to an alleged failure to plead jurisdictional facts.[4] Appellees did not file additional special exceptions challenging SBG's fourth amended petition, which was filed after the trial court's special exceptions order.

---

[4] The motion to strike moves to dismiss all of SBG's claims;  it alleges in its entirety:

> A.    With respect to causes of action for breach of contract asserted by Plaintiff, Plaintiff was ordered to but failed to specifically plead factual allegations in support of each of the following elements as to Defendants NuRock Development Group, Inc., NuRock Development, Ltd., NuRock Development TX, L.L.C., and Robert Hoskins:
>
>> i.    the existence of a valid, enforceable contract between Plaintiff and such Defendant;
>>
>> ii.    that Plaintiff performed, tendered performance, or was excused from performing its contractual obligations under such contract;
>>
>> iii.    that such Defendant breached such contract and the manner in which such Defendant breached it; and
>>
>> iv.    the amount of and manner in which Plaintiff's [sic] was injured by such Defendant's alleged breach of such contract.
>
> B.    With respect to causes of action for quantum meruit asserted by Plaintiff, Plaintiff was ordered to but failed to specifically plead factual allegations in support of each of the following elements as to Defendants NuRock Development Group, Inc., NuRock Development, Ltd., NuRock Development TX, L.L.C., and Robert Hoskins:
>
>> i.    the specific valuable services or materials that was [sic] provided by Plaintiff to such Defendant;

4

ii.      that such Defendant accepted such services or materials;

iii.    that such Defendant had reasonable notice that Plaintiff expected compensation for such services or materials from that Defendant; and

iv.    the amount or [sic] and manner in which such Defendant benefited from the services or materials provided by Plaintiff.

C.    With respect to causes of action for fraud by nondisclosure asserted by Plaintiff, Plaintiff was ordered to but failed to specifically plead <u>factual allegations</u> in support of each of the following elements as to Defendants NuRock Group, Inc., NuRock Development Group, Inc., NuRock Development, Ltd., NuRock Development TX, L.L.C., and Robert Hoskins:

i.      all specific non-disclosed facts that were subject to a duty to disclose and not disclosed by such Defendant;

ii.     the specific basis giving rise to a duty by such Defendant to disclose such non-disclosed facts;

iii.    the materiality of such non-disclosed facts;

iv.    what specific action or non-action Plaintiff was allegedly induced to take or refrain from taking by the nondisclosure of such non-disclosed facts; and

v.     factual allegations specifically identifying each and every specific injury suffered by Plaintiff as a result of the nondisclosure of such non-disclosed facts, including the amount of and the manner in which Plaintiff was injured, and how such injury is separate and apart from the damages it has alleged are economic loses [sic] under the subject consulting agreement.

5

D. With respect to causes of action for breach of fiduciary duty asserted by Plaintiff, Plaintiff was ordered to but failed to specifically plead <u>factual allegations</u> in support of each of the following elements as to Defendants NuRock Group, Inc., NuRock Development Group, Inc., NuRock Development, Ltd., NuRock Development TX, L.L.C., and Robert Hoskins:

     i.    factual allegations to establish a confidential relationship between Plaintiff and such Defendant;

     ii.    the specific duty owed by such Defendant to Plaintiff that was breached and the manner in which such Defendant breached such duty; and

     iii.    factual allegations specifically identifying each and every specific injury suffered by Plaintiff as a result of such breach of fiduciary duty, including the amount of and the manner in which Plaintiff was injured, and how such injury is separate and apart from the damages it has alleged are economic loses [sic] under the subject consulting agreement.

E. With respect to causes of action for civil conspiracy asserted by Plaintiff, Plaintiff was ordered to but failed to specifically plead <u>factual allegations</u> in support of each of the following elements as to Defendants NuRock Group, Inc., NuRock Development Group, Inc., NuRock Development, Ltd., NuRock Development TX, L.L.C., and Robert Hoskins:

     i.    factual allegations specifically identifying which two or more persons were part of the alleged conspiracy;

     ii.    factual allegations specifically identifying the objective or course of action that was agreed to be accomplished by such persons and that each such person agreed to such objective or course of action;

iii. factual allegations specifically identifying each unlawful, overt acts [sic] that were agreed upon and committed by such persons; and

iv. factual allegations specifically identifying each and every specific injury suffered by Plaintiff as a result of such unlawful, overt acts, including the amount of and manner in which Plaintiff was injured, and how much injury is separate and apart from the damages it has alleged are economic loses [sic] under the subject consulting agreement.

F. With respect to causes of action for alter ego and abuse of corporate form asserted by Plaintiff against Defendant Robert Hoskins, Plaintiff was ordered to but failed to specifically plead factual allegations in support of each of the following elements as to Robert Hoskins and each applicable Defendant:

i. factual allegations specifically identifying how Robert Hoskins used such Defendant-entity for the purpose of perpetrating a fraud on Plaintiff;

ii. factual allegations specifically identifying the actual fraud committed on Plaintiff by use of such Defendant-entity and factual allegations to support each requisite element of such cause of action for actual fraud;

iii. factual allegations specifically identifying how Robert Hoskins directly personally benefited from the actual fraud committed by him on Plaintiff by use of such Defendant-entity; and

iv. factual allegations specifically identifying each and every specific injury suffered by Plaintiff as a result of such actual fraud, including the amount of and the manner in which Plaintiff was injured, and how such injury is separate and apart from the damages it has alleged are economic loses [sic] under the subject consulting agreement.

7

At a December 9, 2010 hearing, counsel for Appellees indicated that he wanted the motion to strike to be heard first, prior to the special appearance or the motion for sanctions. He stated, "Well, I think I want to start with the motion to strike the pleadings. It's a continuation of the special exceptions that were granted . . . back on August 13th." A few moments later, Appellees' counsel clarified, "My intent is to address those motions, then hit the special appearance, and then hit the motion for sanctions, Your Honor."

After the hearing, the trial court signed an order striking "all causes of action asserted by Plaintiff against [all Appellees except NuRock Group, Inc.], specifically including all causes of action for breach of contract, quantum meruit" and "[against all Appellees for] fraudulent inducement, fraud, fraud by nondisclosure, breach of fiduciary duty, negligent misrepresentation and civil conspiracy." The order also indicated that the trial court sustained Hoskins's special appearance and that Appellees' motion for sanctions would be carried to the end of the case.

### III. WAIVER OF SPECIAL APPEARANCE

In its first issue, SBG argues that the trial court erred by sustaining Hoskins's special appearance because Hoskins waived his special appearance by seeking affirmative relief via the motion to strike.

## A. Law Concerning Waiver of Special Appearance
## Via a General Appearance

Under rule 120a, a special appearance, properly entered, enables a nonresident defendant to challenge personal jurisdiction in a Texas court. Tex. R. Civ. P. 120a. Strict compliance with rule 120a is required, and a nonresident defendant will be subject to personal jurisdiction in Texas courts if the defendant enters a general appearance. *Morris v. Morris*, 894 S.W.2d 859, 862 (Tex. App.—Fort Worth 1995, no writ); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14, 105 S. Ct. 2174, 2182 (1985) ("[T]he personal jurisdiction requirement is a waivable right."). Rule 120a states that "[e]very appearance, prior to judgment, not in compliance with this rule is a general appearance." Tex. R. Civ. P. 120a(1); *see also Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 201 (Tex. 1985).

A party enters a general appearance and waives a special appearance "when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004) (citing *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998), *cert. denied*, 525 U.S. 1067 (1999)). The test for a general appearance is whether a party requests affirmative relief inconsistent with an assertion that the trial court lacks jurisdiction. *Dawson-Austin*, 968 S.W.2d at 323.

A party also enters a general appearance when it violates rule 120a's "due-order-of-hearing" requirement. *See* Tex. R. Civ. P. 120a(2); *Trejo*, 142 S.W.3d at 306. The due-order-of-hearing requirement mandates that a special appearance motion "shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard." Tex. R. Civ. P. 120a(2); *Trejo*, 142 S.W.3d at 306. If a defendant's motion to transfer venue or other plea or pleading is heard prior to the defendant's special appearance, the defendant has waived his special appearance and entered a general appearance. *See Klingenschmitt v. Weinstein,* 342 S.W.3d 131, 134 (Tex. App.—Dallas 2011, no pet.) (holding party waived special appearance by filing and obtaining hearing on motion to dismiss plaintiff's claims with prejudice based on defendant's special exceptions prior to hearing on special appearance); *Landry v. Daigrepont*, 35 S.W.3d 265, 267–68 (Tex. App.—Corpus Christi 2000, no pet.) (holding defendant who filed special appearance and motion for new trial following default judgment entered against him waived special appearance by, at hearing, having motion for new trial heard prior to special appearance).

### B. Waiver of Special Appearance and Entry of General Appearance by Hoskins

Appellees' motion to strike SBG's pleadings requested affirmative relief from the trial court specifically on behalf of Hoskins; Appellees' motion to strike SBG's pleadings stated that Appellees "respectfully request the Court to strike and dismiss *all causes of action* asserted by Plaintiff against Defendants NuRock

10

Development Group, Inc., NuRock Development, Ltd., NuRock Development TX, L.L.C., and Robert Hoskins." [Emphasis added.] The allegations in Appellees' motion to strike concerning SBG's causes of action against Hoskins are not limited to allegations requesting that SBG plead additional jurisdictional facts pertaining to Hoskins's contacts with Texas or the purported basis for the trial court's in personam jurisdiction over him. A pleading asserting special exceptions or asserting a motion to strike based on a failure to satisfy special exceptions does not constitute a challenge to the trial court's jurisdiction. *See, e.g.*, *Peek v. Equip. Serv. Co. of San Antonio*, 779 S.W.2d 802, 805 (Tex. 1989) (explaining that plaintiff's failure to plead an element of his cause of action does not deprive the trial court of jurisdiction). Because Hoskins, via the motion to strike, specifically requested and prayed for affirmative relief from the trial court inconsistent with his position that the trial court possessed no personal jurisdiction over him—that being an order or judgment dismissing all of SBG's claims against him for reasons other than the trial court's purported lack of jurisdiction over him—he waived his special appearance. *See Exito Elecs. Co.*, 142 S.W.3d at 304; *Klingenschmitt,* 342 S.W.3d at 134.

Additionally, by choosing to have his motion to strike heard prior to his special appearance, Hoskins violated rule 120a's due-order-of-hearing requirement. *See Landry*, 35 S.W.3d at 267–68.[5] Strict compliance with rule

---

[5]In *Landry*, counsel, like counsel here, elected on the record to have a motion seeking affirmative relief (a motion for new trial) heard at the hearing prior

11

120a is required; every appearance not in compliance with rule 120a is a general appearance. Tex. R. Civ. P. 120a(1). Because Hoskins violated rule 120a's due-order-of-hearing requirement, he entered a general appearance and waived his special appearance. *See Landry*, 35 S.W.3d at 267–68; *accord First Oil PLC v. APT Oil & Gas Corp.*, 264 S.W.3d 767, 773, 781 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (holding special appearance was not waived by filing motion to strike pleadings based on addition of new party because motion to strike was filed in response to plaintiff's motion for continuance of special appearance hearing, and parties agreed that issues in motion for continuance and motion to strike were "overlapping" and "intertwined").

Hoskins cites several cases holding that neither a motion for continuance of the special appearance hearing nor a motion relating to discovery constitutes a waiver of a special appearance. But these cases are not applicable to the facts here. Hoskins did not seek a continuance of the special appearance hearing; he elected to proceed first with his motion to strike all of SBG's causes of action against him. And Hoskins likewise did not file or obtain a hearing on a motion relating to discovery. Rule 120a specifically provides that "[t]he issuance of processes for witnesses, the taking of depositions, the serving of requests for admissions, and the use of discovery processes" does not waive a party's special appearance. *See* Tex. R. Civ. P. 120a(1). Hoskins's motion to strike all of

to the special appearance and thereby waived the special appearance. 35 S.W.3d at 267–68.

SBG's causes of action against him, purportedly based on special exceptions via rule 91, cannot be considered "the issuance of processes for witnesses, the taking of depositions, the serving of requests for admissions, and the use of discovery processes." *Compare* Tex. R. Civ. P. 83–97 (entitled "Pleadings of Defendant"), *with* Tex. R. Civ. P. 190–215 (entitled "Discovery").

We hold that by seeking affirmative relief from the trial court inconsistent with his special appearance and by violating rule 120a's due-order-of-hearing requirement, Hoskins made a general appearance and waived his special appearance. We sustain SBG's first issue.[6]

## IV. TRIAL COURT ABUSED ITS DISCRETION BY GRANTING MOTION TO STRIKE

In subpart C of its second issue, SBG argues that the trial court erred by granting Appellees' motion to strike.[7] Although the trial court sustained Appellees' special exceptions to SBG's original petition, SBG subsequently filed three amended pleadings, making its fourth amended petition its live pleading at the time the trial court struck SBG's claims. Appellees' motion to strike contains the only special exceptions filed concerning SBG's fourth amended petition;

---

[6]Because we hold that Hoskins made a general appearance and waived his special appearance, we do not address the merits of the trial court's special appearance ruling. *See* Tex. R. App. P. 47.1 (requiring court of appeals to address only issues necessary to final disposition of the appeal).

[7]We are authorized to review this ruling in connection with this interlocutory appeal because the ruling impairs our jurisdiction over the special appearance ruling and impairs the effectiveness of the relief we grant herein. *See* Tex. R. App. P. 29.5(b); *Perry v. Del Rio*; 66 S.W.3d 239, 260–61 (Tex. 2001).

13

Appellees did not set a hearing or obtain a ruling on its special exceptions to SBG's fourth amended petition prior to the hearing on its motion to strike. And SBG was not given an opportunity to amend its fourth amended petition prior to the trial court's order striking its claims. Nor did the trial court identify any pleading failure in SBG's fourth amended petition. Instead, without reference to any purported pleading defect, the trial court simply ordered "that all causes of action asserted by Plaintiff in its Fourth Amended Original Petition against Defendants . . . specifically including all causes of action for breach of contract, quantum meruit, fraudulent inducement, fraud, fraud by nondisclosure, breach of fiduciary duty, negligent misrepresentation and civil conspiracy are stricken."

Special exceptions are a means of questioning the legal sufficiency of a plaintiff's petition. *See, e.g., Burgess v. El Paso Cancer Treatment Ctr.*, 881 S.W.2d 552, 554 (Tex. App.—El Paso 1994, writ denied). Texas follows the "fair-notice" standard for pleading, requiring only that the opposing party be able to ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. *See* Tex. R. Civ. P. 47(a) (requiring petition to contain "short statement of the cause of action sufficient to give fair notice of the claim involved"); *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). A party is not required to describe the evidence in detail in its petition. *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494–95 (Tex. 1988). A motion to strike pleadings that attacks the substance of an amended pleading, even if the motion is based on special exceptions, is an improper

14

procedural mechanism. *See, e.g.*, *Reynolds v. Murphy*, 266 S.W.3d 141, 146 (Tex. App.—Fort Worth 2008, pet. denied) (explaining that "[a] motion to strike that attacks the substance of an amended pleading, even if based on special exceptions, is an improper procedural mechanism") (citing *Gallien v. Wash. Mut. Home Loans, Inc.*, 209 S.W.3d 856, 861–62 (Tex. App.—Texarkana 2006, no pet.)); *see also Simulis, L.L.C. v. Gen. Elec. Capital Corp.*, No. 14-09-01055-CV, 2011 WL 505334, at *5 n.7 (Tex. App.—Houston [14th Dist.] Feb. 15, 2011, pet. filed) (same).

Here, Appellees' motion to strike, as set forth and quoted above, does not challenge the legal sufficiency of SBG's pleading; it repeatedly challenges the factual sufficiency of the pleadings concerning every element of each of SBG's causes of action. Thus, Appellees' motion to strike attacks the substance of SBG's fourth amended pleading and constitutes the use of an improper procedural mechanism. *See, e.g.*, *Simulis, L.L.C.*, 2011 WL 505334, at *5 n.7; *Reynolds*, 266 S.W.3d at 146; *Gallien*, 209 S.W.3d at 861–62. Moreover, in the absence of allegations by Appellees that SBG failed to state a cause of action, the trial court's ruling striking claims in SBG's fourth amended petition was premature because Appellees did not obtain a ruling on their special exceptions to that pleading prior to entry of the order striking SBG's pleadings. *See Geochem Labs., Inc. v. Brown & Ruth Labs., Inc.*, 689 S.W.2d 288, 290 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (holding plaintiff should have been given opportunity to amend in light of defendants' new set of special

15

exceptions to plaintiff's third amended petition). For these reasons, we hold that the trial court abused its discretion by striking all causes of action in SBG's fourth amended petition.

We sustain subsection C of SBG's second issue.[8]

## V. Conclusion

Having sustained SBG's first issue and subsection C of its second issue and having determined that we need not address the remainder of SBG's second issue, we reverse the trial court's December 17, 2010 order sustaining Hoskins's special appearance and striking SBG's claims in its fourth amended petition. We remand this case for further proceedings consistent with this opinion.


                                        SUE WALKER
                                        JUSTICE

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DELIVERED: November 3, 2011

---

[8]Having determined that the trial court abused its discretion by striking the claims asserted in SBG's fourth amended petition, we do not address SBG's complaints concerning the propriety of the trial court's prior rulings on Appellees' special exceptions. *See* Tex. R. App. P. 47.1 (requiring appellate court to address only issues necessary to disposition of the appeal).