**Affirmed; Opinion Filed April 26, 2021**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00717-CV

## STEVE HUFFMAN AND PRESTON THOMPSON, Appellants
## V.
## LONESTAR TRANSFER, LLC, Appellee

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 1-19-0074**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Schenck

Steve Huffman and Preston Thompson appeal the trial court's order denying their special appearances in a suit instituted by Lonestar Transfer, LLC ("Lonestar") in Rockwall County. In two issues, Huffman and Thompson argue Lonestar failed to establish the trial court has general or specific jurisdiction over them and the trial court erred by impliedly overruling their objections to evidence Lonestar presented in opposition to their jurisdictional challenges. We conclude Huffman and Thompson made general appearances in the case prior to the hearing on their special appearances and, thus, submitted to the jurisdiction of the court. Accordingly, we

affirm the trial court's judgment denying their special appearances and remand the case to the trial court for further proceedings. Because the dispositive issues in this case are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Lonestar is a Texas limited liability company engaged in the business of assisting individuals who wish to free themselves of obligations under timeshare agreements. One of the services Lonestar offers is a mortgage cancellation service for timeshare obligations encumbered by mortgages. Lonestar contracts with third parties to assist in processing the mortgage cancellations. Nashville Tennessee Ventures, Inc. d/b/a Help 4 Timeshare Owners ("Nashville"), a corporation organized and existing under the laws of the State of Tennessee, was one such third-party contractor. Huffman and Thompson, residents of the State of Tennessee, own and operate Nashville.

The relationship between Lonestar and Nashville began in May or June of 2016. An owner of Lonestar, Bryan Holloway who is now deceased, negotiated the vendor relationship with Huffman, Thompson and an individual named Bill Howell. The parties agreed Lonestar would pre-pay Nashville a set fee of $1,300 for each mortgage cancellation assigned to Nashville for processing.

The relationship between Lonestar and Nashville deteriorated over time, with Lonestar asserting Nashville was behind on processing times for the assigned files, and, on January 15, 2019, Lonestar sent a formal demand to Nashville for a refund

–2–

of one half of the outstanding funds, estimated at $558,350, and a return of all outstanding files. A few days later, Nashville agreed to return all of the outstanding files, but refused to refund any of the money paid.

On January 18, 2019, Lonestar sued Nashville for breach of contract and suit on sworn account. On February 26, 2019, Lonestar added Huffman and Thompson as defendants in the case, asserting they committed fraud by diverting funds Lonestar paid to Nashville for their personal use. In addition, Lonestar alleged Huffman and Thompson used Nashville as a sham to perpetrate a fraud on Lonestar. On March 18, 2019, Nashville filed counterclaims against Lonestar and a third-party action against Bryan and Karen Holloway, the owners of Lonestar, asserting Lonestar breached its agreement with Nashville and that Lonestar and the Holloways tortiously interfered with various contracts and engaged in unfair competition by raiding Nashville's personnel to create and operate a business in competition with Nashville.

On April 15, 2019, Thompson filed a special appearance. That special appearance was set for hearing on May 3, 2019, and later passed. On May 1, 2019, Lonestar filed its second amended petition, which did not materially differ from its first amended petition with respect to the allegations against Huffman and Thompson. On May 23, 2019, Huffman and Thompson filed "Special Appearances Regarding Plaintiff's Second Amended Petition" and set them for hearing on July 1, 2019. Lonestar filed its initial response to these special appearances and its third

amended petition on June 10, 2019, which again did not materially differ from its first and second amended petitions with respect to the allegations against Huffman and Thompson but did attach the affidavit of a former Nashville employee in support of the assertions made therein.

The record indicates that Huffman's and Thompson's special appearances were not heard until almost a year later on June 3, 2020.[1] In the interim, specifically on October 31, 2019, Nashville, Huffman, and Thompson filed a Motion for Continuance of Trial and Entry of Level III Scheduling Order, seeking to continue the trial setting of December 9, 2019, and the entry of the scheduling order attached thereto. On December 2, 2019, the trial court entered a level 3 scheduling order in the form attached to Nashville, Huffman, and Thompson's motion for continuance and set the case for trial on September 13, 2020.

On April 22, 2020, Lonestar filed its first amended oppositions to the special appearances, and on May 13, 2020, Lonestar filed its fourth amended petition, which added a fraud by non-disclosure claim against Huffman and Thompson.[2] The trial court heard the special appearances on June 3, 2020 and denied same on July 15, 2020, without specifying the reasons therefore. This interlocutory appeal followed.

---

[1] The record does not reflect when Huffman and Thompson obtained this hearing date.

[2] More particularly, Lonestar asserted Huffman and Thompson failed to disclose Nashville was unable to process the volume of files it was accepting and that funds it received were not being used to fund the processing of mortgage cancelation services for Lonestar.

DISCUSSION

Lonestar contends controlling precedent set forth in *Moncrief Oil International Inc. v. Oao Gazprom*, 414 S.W.3d 142 (Tex. 2013), and the evidence presented in response to the special appearances,[3] establish Huffman's and Thompson's contacts are sufficient to confer personal jurisdiction in this case. Before we reach that argument, we consider Lonestar's assertion that Huffman and Thompson made general appearances in this case and therefore waived their special appearances when they sought a continuance of the trial setting and requested a merits-based discovery plan.[4] *See Dawson-Austin v. Austin*, 968 S.W.2d 319, 321 (Tex. 1998). Under rule 120a of the Texas Rules of Civil Procedure, a special appearance, properly entered, enables a non-resident defendant to challenge personal jurisdiction in a Texas court. TEX. R. CIV. P. 120a. A party must strictly comply with rule 120a to avoid making a general appearance. *Klingenschmitt v. Weinstein*, 342 S.W.3d 131, 133 (Tex. App.—Dallas 2011, no pet.).

Rule 120a(1) mandates that a special appearance be filed "prior to a motion to transfer venue or any other plea, pleading or motion." TEX. R. CIV. P. 120a(1). This is sometimes referred to as the "due-order-of-pleading" requirement. *Exito*

---

[3] In response to the special appearances, Lonestar presented, among other evidence, the affidavit of Norma Beth McGill, a Lonestar employee who was formerly employed by Nashville. Huffman and Thompson argued to the trial court and this Court that her affidavit is not made on personal knowledge. We have reviewed the affidavit and find it contains sufficient detail to establish McGill has personal knowledge of the assertions Lonestar relies upon in response to the special appearances.

[4] Lonestar made this argument in its response to Huffman's and Thompson's special appearances and at the hearing on the special appearances.

*Elecs. Co. v. Trejo*, 142 S.W.3d 302, 305 (Tex. 2004). In addition to the due-order-of-pleading requirement, rule 120a also entails a "due-order-of-hearing" requirement. TEX. R. CIV. P. 120a; *Klingenschmitt*, 342 S.W.3d at 133. The due-order-of-hearing requirement means that a special appearance motion shall be heard and determined before a motion to transfer venue or any plea or pleading may be heard. *Klingenschmitt*, 342 S.W.3d at 134.

Lonestar asserts that by having their motion for continuance and request for the entry of their proposed scheduling order heard prior to the special appearances, Huffman and Thompson did not meet the due-order-of-hearing requirement. It contends that the motion for continuance and request for scheduling order were inconsistent with Huffman's and Thompson's special appearances because they did not move to continue the trial setting in order to obtain a ruling on their special appearances and because they requested a merits-based discovery plan. We agree with Lonestar.

A party enters a general appearance and waives a special appearance "when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Trejo*, 142 S.W.3d at 304. The test for a general appearance, and therefore waiver of a special appearance, is whether the non-resident party requests affirmative relief inconsistent with an assertion that the trial

–6–

court lacks jurisdiction. *Dawson-Austin*, 968 S.W.2d at 323; *Klingenschmitt*, 342 S.W.3d at 134.

A defendant may obtain a hearing on a motion that only seeks relief *appurtenant* to his special appearance without waiving his special appearance, but a defendant enters a general appearance if he obtains a hearing on a motion that seeks affirmative relief unrelated to his special appearance before he obtains a hearing and ruling on his special appearance. *Trenz v. Peter Paul Petroleum Co*, 388 S.W.3d 796, 802 (Tex. App.—Houston [1st Dist.] 2012, no pet.). The court must determine whether the relief requested by the defendant is inconsistent with the assertion that the court lacks jurisdiction. *Dawson-Austin*, 968 S.W.2d at 323.

Courts have determined the following actions do not amount to a general appearance:

- a trial court's resolution of discovery matters related to the special appearance, *Trejo*, 142 S.W.3d at 307;

- a defendant's objection to the plaintiff's request for a discovery control plan expressly stating that it was filed subject to its special appearance and was made solely to preserve the special appearance, *Golden Peanut Co. v. Give & Go Prepared Foods Corp.*, No. 05-18-00626-CV, 2019 WL 2098473, at *3 (Tex. App.—Dallas May 14, 2019, no pet.) (mem. op.);

- a motion to postpone hearings as to individual defendants who filed special appearances until the trial court could rule on special appearances, *Wormald v. Willarina*, 543 S.W.3d 315, 318, 320 (Tex. App.—Houston [14th Dist. 2017, no pet.);

- a motion for continuance filed in part to allow the defendant additional time to file her amended special appearance with affidavits, *Cancino v.*

–7–

*Cancino*, No. 03-15-00115-CV, 2016 WL 234514, at \*3 (Tex. App.—Austin Jan. 13, 2016, no pet.) (mem. op.).

Here, in contrast to the foregoing actions, Huffman and Thompson, along with Nashville, in seeking a continuance and a scheduling order, (1) referenced the complexity of the case occasioned by counterclaims and third-party actions, (2) argued to the court that the trial should be reset in order to give the parties time to prepare *for trial on all issues* raised in the case, and (3) sought a merits-based discovery plan so that discovery (not limited to the jurisdiction issue) and pretrial matters could proceed in an efficient manner.[5] Huffman and Thompson made no suggestion that the court was without jurisdiction and did not limit their motion in any way. *See Branckaert v. Otou*, No. 01-08-000637-CV, 2011 WL 3556949, at \*3 (Tex. App.—Houston [1st Dist.] Aug. 11, 2011, no pet.) (mem. op.) (motion for continuance may or may not constitute general appearance waiving special appearance depending upon substance of motion); *see also Republic Oil & Gas Co. v. Owen*, 210 S.W. 319, 320 (Tex. App.—Fort Worth 1919, writ ref'd) (concluding that in failing to suggest court was without jurisdiction and without limiting application for continuance in any manner, appellant entered its appearance and submitted itself to jurisdiction of court).

---

[5] At that time Nashville, Huffman, and Thompson sought and obtained the entry of a Level 3 scheduling order, Lonestar sought discovery under Level 2 of Texas Rule of Civil Procedure 190.3. Rule 190.3 sets forth the deadlines applicable to discovery under Level 2. TEX. R. CIV. P. 190.3. Under Level 3, a party may move the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of the specific suit. *Id.* 190.4.

Huffman and Thompson's motion for continuance had nothing to do with the court's jurisdiction. Rather, it indicated their intention to defend the case on the merits and recognized the case was properly pending. Thus, Huffman and Thompson entered a general appearance in the case and waived their previously filed special appearances.

Accordingly, we overrule Huffman's and Thompson's first issue asserting the trial court erred in denying their special appearances and, consequently, pretermit consideration of their second issue regarding the evidence presented by Lonestar in opposition to the special appearances. TEX. R. APP. P. 47.1.

## CONCLUSION

We affirm the trial court's denial of Huffman's and Thompson's special appearances and remand the case to the trial court for further proceedings.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

200717F.P05

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEVE HUFFMAN AND
PRESTON THOMPSON, Appellants

No. 05-20-00717-CV      V.

LONESTAR TRANSFER, LLC,
Appellee

On Appeal from the 382nd Judicial
District Court, Rockwall County,
Texas
Trial Court Cause No. 1-19-0074.
Opinion delivered by Justice
Schenck. Justices Smith and Garcia
participating.

In accordance with this Court's opinion of this date, the trial court's order denying appellants' special appearances is **AFFIRMED**.

It is **ORDERED** that appellee LONESTAR TRANSFER, LLC recover its costs of this appeal from appellants STEVE HUFFMAN AND PRESTON THOMPSON.

Judgment entered this 26th day of April, 2021.