**AFFIRMED and Opinion Filed June 4, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-01050-CV

**I-90 COLD STORAGE, INC. AND KIM R. SMITH, Appellants**
**V.**
**STELLAR RESTORATION SERVICES, LLC, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-04465-2020**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Smith
Opinion by Justice Smith

I-90 Cold Storage, Inc. and Kim R. Smith appeal the trial court's denial of their special appearance. In two issues, appellants argue the trial court erred by failing to file findings of fact and conclusions of law, and they are not amenable to process because their underlying agreement with Stellar Restoration Services is void and unenforceable. We affirm the trial court's judgment.

In September 2020, Stellar filed its original petition in Collin County, Texas. The petition alleged Stellar, a Texas limited liability company, specializes in the restoration and replacement of commercial roofs. In spring 2020, appellants' property in Rapid City, South Dakota, was damaged in a hailstorm. Appellants

entered into a restoration services agreement Stellar for roof repair. The agreement

contained the following provision:

> 8. GOVERNING LAW/ JURY WAIVER
>
> It is understood and agreed that this Agreement shall be governed by, construed, enforced in accordance with, and subject to, the laws of the State of Texas, except Chapter 707(H.B.2102). Exclusive FORUM and VENUE for any action brought pursuant to the terms of this Agreement, or in any way relating to this Agreement, shall be in COLLIN County, Texas. The parties hereto mutually agree to WAIVE THE RIGHT OF TRIAL BY JURY AS TO ANY MATTER ARISING FROM OR RELATING TO THIS AGREEMENT.

Under the terms of the agreement, appellants agreed to pay Stellar for its services

out of insurance proceeds. Instead, appellants' insurance carrier issued a payment,

but appellants terminated the agreement with Stellar without paying any proceeds to

Stellar.

On October 1, 2020, appellants each filed an "original answer and request for

disclosure." The pleadings alleged the "court does not have personal jurisdiction

over" appellants because the underlying contract that formed the basis of Stellar's

suit was "void and any and all pertinent transactions occurred exclusively in the State

of South Dakota." The pleadings sought attorney's fees and disclosure of "the

information or material described in Rule 194.2" within thirty days. In the prayer,

the pleadings asked the court "to dismiss this suit or render judgment that plaintiff

take nothing." On October 20, 2020, appellants filed a notice of hearing stating that

a hearing on their pleadings was set for November 13, 2020.

On October 28, 2020, appellants filed a motion to dismiss for lack of personal jurisdiction. In their motion to dismiss, appellants argued for the first time that, pursuant to rule of civil procedure 120a, they were not amenable to process in Texas and they lacked sufficient contacts with Texas. As a result, appellants asked the court to dismiss the lawsuit for lack of personal jurisdiction.

On November 18, 2020, the trial court signed an order denying appellants' motion to dismiss for lack of personal jurisdiction. The same day, appellants filed a request for findings of fact and conclusions of law. On November 30, 2020, appellants each filed a notice of appeal of the trial court's denial of their special appearances.

As an initial matter, we address appellants' argument that the trial court reversibly erred by failing to make findings of fact and conclusions of law. A party waives a complaint that the trial court failed to file findings of fact and conclusions of law by not making a timely request for findings of fact and conclusions of law, or by failing to timely file and serve a notice of past due findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296, 297; *Haut v. Green Cafe Mgmt., Inc.*, 376 S.W.3d 171, 183 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Here, appellants failed to file a notice of past due findings of fact and conclusions of law. Accordingly, appellants have waived this issue. *See Haut*, 376 S.W.3d at 183.

Appellants further argue they are not subject to personal jurisdiction in Texas, and the trial court erred in denying their special appearance. Under rule 120a, a

–3–

special appearance, properly entered, enables a non-resident defendant to challenge personal jurisdiction in a Texas court. TEX. R. CIV. P. 120a. Rule 120a requires strict compliance, and a non-resident defendant will be subject to personal jurisdiction in Texas courts if the defendant enters a general appearance. *Klingenschmitt v. Weinstein*, 342 S.W.3d 131, 133 (Tex. App.—Dallas 2011). Rule 120a states that "[e]very appearance, prior to judgment, not in compliance with this rule is a general appearance." TEX. R. CIV. P. 120a(1).

Rule 120a(1) mandates that a special appearance be filed "prior to a motion to transfer venue or any other plea, pleading or motion." *Id.* "[T]he plain language of Rule 120a requires only that a special appearance be filed before any other 'plea, pleading or motion.'" *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 305 (Tex. 2004). "This is sometimes referred to as the 'due-order-of-pleading' requirement." *Id.*

A party enters a general appearance and waives a special appearance "when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Trejo*, 142 S.W.3d at 304. The test for a general appearance is whether a party requests affirmative relief inconsistent with an assertion that the trial court lacks jurisdiction. *Klingenschmitt*, 342 S.W.3d at 134.

Here, appellants each filed an "original answer and request for disclosure." These pleadings did not mention a special appearance or rule 120a. The pleadings alleged the "court does not have personal jurisdiction over" appellants because the

underlying contract that formed the basis of Stellar's suit was "void and any and all pertinent transactions occurred exclusively in the State of South Dakota." However, this argument addressed the validity of the underlying contract, not the trial court's determination of personal jurisdiction pursuant to rule 120a. The pleadings sought attorney's fees and disclosure of "the information or material described in Rule 194.2" within thirty days. We note that rule 194.2 requires a party to make certain initial disclosures within thirty days after the filing of the first *answer or general appearance*. TEX. R. CIV. P. 194.2 (emphasis added). In the prayer, appellants' pleadings asked the court "to dismiss this suit or render judgment that plaintiff take nothing." Twenty-seven days later, appellants finally filed their joint special appearance pursuant to rule 120a. Under these circumstances, we conclude appellants waived their special appearance; prior to filing their special appearance, appellants entered general appearances by requesting affirmative relief inconsistent with an assertion that the trial court lacked personal jurisdiction over them pursuant to rule 120a. *See* TEX. R. CIV. P. 120a; *Trejo*, 142 S.W.3d at 304; *Klingenschmitt*, 342 S.W.3d at 134. Moreover, even if appellants had strictly complied with rule 120a, the underlying contract provided a choice of law provision establishing Texas as the proper forum for any action between the parties. For these reasons, we conclude the trial court did not err in denying appellants' special appearance.

–5–

We affirm the trial court's denial of appellants' special appearance.


/Craig Smith/
CRAIG SMITH
JUSTICE


201050F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

I-90 COLD STORAGE, INC. AND
KIM R. SMITH, Appellants


No. 05-20-01050-CV     V.


STELLAR RESTORATION
SERVICES, LLC, Appellee

On Appeal from the 429th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 429-04465-
2020.
Opinion delivered by Justice Smith.
Justices Molberg and Goldstein
participating.


In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee STELLAR RESTORATION SERVICES, LLC recover its costs of this appeal from appellants I-90 COLD STORAGE, INC. AND KIM R. SMITH.


Judgment entered June 4, 2021.