**EXITO ELECTRONICS COMPANY,
LTD., Petitioner,**

v.

**Virginia TREJO, et al., Respondents.**

**No. 03–0401.**

Supreme Court of Texas.

June 25, 2004.

---

**33.** *Henry Schein, Inc. v. Stromboe,* 102 S.W.3d 675, 693 (Tex.2002); *Bernal,* 22 S.W.3d at 434.

**34.** TEX.R.APP. P. 59.1.

Michael A. Zanca, Roerig Oliveira & Fisher, L.L.P., Jose E. Garcia, Garcia & Villarreal, P.C., Mike Mills, Atlas & Hall, L.L.P., McAllen, Frank Sabo, Edinburg, Roger W. Hughes, Adams & Graham, L.L.P., Jaime Drabek, Drabek & Associates, Harlingen, Juan Gonzales, Alice, for other interested parties.

Rick Lee Oldenettel, Oldenettel & Associates, P.C., Jefferson H. Read, Houston, for petitioner.

Ruth Brett Downes, Holman & Keeling, P.C., Byron C. Keeling, Robert Alan York, Holman, Keeling & York, P.C., Joe W. Meyer, Nathan A. Steadman, Kurt Wayne Carpenter, Meyer Knight & Williams, L.L.P., Dwayne Richard Day, David M. Prichard, Brendan K. McBride, Prichard Hawkins & Young, L.L.P., Houston, John David Franz, Law Office of John David Franz, Mark A. Cantu, Law Office of Mark A. Cantu, McAllen, for respondents.

PER CURIAM.

In this interlocutory appeal of a trial court's order denying a special appearance, the court of appeals held that Exito Electronics Co., Ltd. ("Exito") waived its special appearance by taking certain actions in the trial court before filing and obtaining a ruling on the special appearance. We reverse the court of appeals' judgment and remand the case to that court to consider the merits of the special appearance.

Paulino Trejo, Juana Zuniga, and Maria de la Luz Crecencia Salvador Guzman died in a house fire in 1998. The victims' rela-

tives (hereinafter "Trejo") sued several distributors and retailers of an allegedly defective extension cord claimed to have caused the fire, including Exito, a Taiwanese corporation and alleged manufacturer of the cord. Before filing an answer, Exito filed a Rule 11 Agreement between Exito and Trejo extending the deadline for Exito to file its initial responsive pleading. The agreement was not conditioned on a subsequent special appearance. Exito and Trejo entered into two additional Rule 11 Agreements further extending Exito's time to answer, but those agreements were not filed in the trial court until after Exito answered.

In conjunction with its original answer, Exito subsequently filed a verified special appearance, objecting to the trial court's personal jurisdiction, and attached a supporting affidavit. The verification did not identify how the affiant had obtained personal knowledge of the facts stated in the special appearance. The attached affidavit contained a jurat and a notary signature, but did not include a legible identification of the notary or a notary seal.

Trejo later filed a motion to compel the deposition of Exito's corporate representative. Exito filed a response to the motion, and according to the docket sheet, the trial court ruled on the motion a month later, but the record does not reflect how the court ruled. Exito also filed a motion to modify its answers to some requests for admissions, which the trial court granted. These filings and rulings occurred before the trial court heard and ruled on the special appearance.

The trial court held a hearing on Exito's special appearance and ultimately denied it on the merits. On interlocutory appeal, the court of appeals affirmed the trial court's order, but on grounds not raised or argued by the parties. The court of appeals held that Exito had waived its special appearance by: (1)filing the Rule 11 Agreement in the trial court before filing its special appearance; (2)participating in the trial court's resolution of discovery matters before the trial court ruled on the special appearance; and (3)failing to submit evidence supporting its special appearance in the trial court, as the verification and attached affidavit were fatally defective and therefore inadmissible.[1] We disagree with the court of appeals' waiver analysis and, accordingly, reverse that court's judgment for the reasons discussed below.

Texas Rule of Civil Procedure 120a, which governs special appearances, states that "[e]very appearance, prior to judgment, not in compliance with this rule is a general appearance."[2] This Court provided guidance as to what constitutes a general appearance in *Dawson–Austin v. Austin.*[3] We held that a party enters a general appearance when it (1)invokes the judgment of the court on any question other than the court's jurisdiction, (2)recognizes by its acts that an action is properly pending, or (3)seeks affirmative action from the court.[4]

█ We first address the court of appeals' conclusion that Exito entered a general appearance, and therefore waived its

---

**1.** 99 S.W.3d 360, 373. The court of appeals also held, as a preliminary matter, that Trejo's pleadings sufficiently alleged facts adequate to establish personal jurisdiction over Exito in Texas, thus shifting the burden to Exito to negate jurisdiction. *Id.* at 367. Because Exito did not raise the issue in this Court, we do not consider it.

**2.** Tex.R. Civ. P. 120a(1).

**3.** 968 S.W.2d 319 (Tex.1998).

**4.** *Id.* at 322.

special appearance, when it filed the Rule 11 Agreement extending the answer deadline. The court of appeals' holding on this issue directly conflicts with *Angelou v. African Overseas Union,*[5] giving us conflicts jurisdiction to review this interlocutory appeal.[6]

Rule 120a(1) mandates that a special appearance be filed "prior to a motion to transfer venue or any other plea, pleading or motion."[7] This is sometimes referred to as the "due-order-of-pleading" requirement.[8] The court of appeals held that under the plain language of the rule, a party that files an unconditional Rule 11 Agreement before a special appearance is not in compliance with Rule 120a.[9] In *Angelou v. African Overseas Union,* however, the Fourteenth Court of Appeals applied the *Dawson–Austin* framework, holding that a defendant who filed a Rule 11 Agreement extending the answer date did not seek affirmative action from the court or recognize that the action was properly pending and thus did not enter a general appearance.[10] We agree with the result in *Angelou.*

■ First, the plain language of Rule 120a requires only that a special appear-ance be filed before any other "plea, pleading or motion." A Rule 11 Agreement between the parties, in and of itself, is not a plea, pleading, or motion.[11] And although the court of appeals found the *Dawson–Austin* framework inapplicable,[12] we find it instructive. In *Dawson–Austin,* the defendant filed a motion for continuance of the special appearance hearing, which was denied at the hearing.[13] We held that the defendant had not waived her special appearance by filing the motion for continuance, which "did not request affirmative relief inconsistent with Dawson–Austin's assertion that the district court lacked jurisdiction."[14]

The court of appeals found *Dawson–Austin* inapplicable because in that case, the challenged motion was clearly filed after the special appearance and therefore the "due-order-of-pleading" requirement was not at issue.[15] But the Court in *Dawson–Austin* discussed the framework for what constitutes a general appearance, without tying it to a particular requirement.[16] In addition, the primary case we cited in *Dawson–Austin* in support of our general appearance analysis did involve the "due-order-of-pleading" requirement.[17]

---

**5.** 33 S.W.3d 269 (Tex.App.-Houston [14th Dist.] 2000, *no pet.*).

**6.** Tex. Gov't Code "22.001(a)(2), 22.225(c).

**7.** Tex.R. Civ. P. 120a(1).

**8.** 99 S.W.3d at 367.

**9.** *Id.* at 369.

**10.** *Angelou,* 33 S.W.3d at 276.

**11.** *See* Tex.R. Civ. P. 45 (stating that "pleadings" are by petition and answer); *see also* Black's Law Dictionary 1031 (7th ed.1999) (defining "motion" as an "application requesting a court to make a specified rule or order").

**12.** 99 S.W.3d at 369.

**13.** 968 S.W.2d 319, 323 (Tex.1998). The hearing also involved other motions, including a motion to quash service of process, a plea to the jurisdiction, and a plea in abatement. *Id.*

**14.** *Id.*

**15.** 99 S.W.3d at 368.

**16.** *Dawson–Austin,* 968 S.W.2d at 322.

**17.** *Id.* (citing *Moore v. Elektro–Mobil Technik GmbH,* 874 S.W.2d 324, 327 (Tex.App.-El Paso 1994, writ denied) (holding that the defendant did not seek affirmative action from the trial court and therefore did not enter a general appearance when, before filing a special appearance, it sent a letter to the trial court stating that it would be making a mo-

■ Applying the *Dawson–Austin* framework to the instant case, we conclude that Exito did not waive its special appearance by filing the Rule 11 Agreement. The agreement is a typical letter agreement between the parties that did not address the trial court and in which Trejo's attorney, by signing the letter, confirmed in writing that he would grant Exito an extension of time to file a responsive pleading. Rule 11 states in pertinent part that an agreement between the parties "will [not] be enforced unless it be in writing, signed and filed with the papers as part of the record." [18] Thus, while filing a Rule 11 Agreement with the trial court is a requirement for enforcement, it is not in and of itself a request for enforcement or any other affirmative action by the trial court. As noted in *Angelou*, there would be no reason to seek such action unless the plaintiffs had filed a motion for default judgment. [19] Nor does the letter recognize that the action is properly pending; it merely acknowledges that Exito is required to respond to the petition in some manner. [20] We therefore hold that a Rule 11 Agreement that extends a defendant's time to file an initial responsive pleading and is filed in the trial court before the defendant files a special appearance, even if the agreement is not expressly made subject to the special appearance, does not violate Rule 120a's "due-order-of-pleading"

requirement and thus does not constitute a general appearance.

■ We next examine the effect of the trial court's ruling on two discovery matters before the special appearance hearing. The relevant motions, including Trejo's motion to compel the deposition of Exito's corporate representative and Exito's motion to modify its answers to requests for admissions, related solely to discovery on the special appearance. Rule 120a(2) states that "[a]ny motion to challenge the jurisdiction provided for herein shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard." [21] The rule also states in subsection (1) that "[t]he issuance of process for witnesses, the taking of depositions, the serving of requests for admissions, and the use of discovery processes, shall not constitute a waiver of [a] special appearance." [22] The court of appeals concluded that "[u]nlike rule 120a.1, rule 120a.2 does not except discovery matters from its requirements" and that while the rule allows the nonresident defendant to participate in discovery, the special appearance must be heard and determined before any discovery motions, should a discovery dispute arise. [23]

We disagree with the court of appeals' reasoning to the extent that the discovery disputes the trial court resolved in this case involved discovery related to the special appearance. [24] Clearly, the parties can

---

tion to dismiss based on improper service and asking whether retention of a local attorney was necessary)).

**18.** Tex.R. Civ. P. 11.

**19.** *Angelou,* 33 S.W.3d at 276.

**20.** The agreement states in pertinent part: "This will confirm that you have granted my client, Exito Electronics, Co., Ltd. . . . an extension until February 19, 2001 to file a responsive pleading in the above-referenced case."

**21.** Tex.R. Civ. P. 120a(2).

**22.** *Id.* 120a(1).

**23.** 99 S.W.3d at 370.

**24.** It is undisputed that the discovery in this case concerned Exito's special appearance. We therefore express no opinion on the effect of parties' participation in discovery that is unrelated to the special appearance before its resolution.

participate in such discovery, and Rule 120a states that the court shall determine the special appearance in part on the basis of "the results of discovery processes."[25] It is simply illogical to allow the parties to engage in relevant discovery, which can be a vital part of resolving a special appearance, but prohibit the nonresident defendant from seeking the trial court's ruling on disputes that may affect the evidence presented at the special appearance hearing. And applying the *Dawson–Austin* framework,[26] a nonresident defendant's participation in the trial court's resolution of such discovery matters does not amount to a recognition that the action is properly pending or a request for affirmative relief inconsistent with the jurisdictional challenge.[27] We therefore hold that a trial court's resolution of discovery matters related to the special appearance does not amount to a general appearance by the party contesting personal jurisdiction.

■ Finally, we address the court of appeals' conclusion that defects in the special appearance's verification and supporting affidavit resulted in a waiver of the special appearance. Rule 120a(1) states that a "special appearance shall be made by sworn motion . . . and may be amended to cure defects."[28] Subsection (3) outlines the evidence the trial court can consider:

> The court shall determine the special appearance on the basis of the pleadings, any stipulations made by and between the parties, such affidavits and

attachments as may be filed by the parties, the results of discovery processes, and any oral testimony. The affidavits, if any, shall be served at least seven days before the hearing, shall be made on personal knowledge, shall set forth specific facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify.[29]

The court of appeals acknowledged that Trejo did not object in the trial court to the verification, and the court of appeals therefore "d[id] not address whether Exito's special appearance, of itself, constituted a general appearance because of defects in the verifications."[30] The court of appeals nevertheless concluded that, because the verification and supporting affidavit were fatally defective, Exito provided no support for its special appearance in compliance with Rule 120a and waived its special appearance as a result.[31]

Assuming without deciding that the verification and affidavit are defective, we nevertheless disagree with the court of appeals' conclusion. We held in *Dawson–Austin* that an unverified special appearance does not concede jurisdiction.[32] In addition, there was more in the record for the trial court's consideration at the time of the special appearance hearing than the verification and affidavit, including the pleadings and the deposition of Exito's corporate representative. If Exito did not provide sufficient evidence in support of its jurisdictional challenge, about which we

---

**25.** Tex.R. Civ. P. 120a(3).

**26.** 968 S.W.2d at 322.

**27.** *See Indus. State Bank of Houston v. Eng'g Serv. & Equip., Inc.,* 612 S.W.2d 661, 664 (Tex.Civ.App.BDallas 1981, no writ) (holding in the context of a plea of privilege challenging venue that "the discovery process, and the trial court's supervision thereof, is not inconsistent with the plea . . . [because it] is as much intended to aid the issues in the venue hearing as the trial on the merits").

**28.** Tex.R. Civ. P. 120a(1).

**29.** *Id.* 120a(3).

**30.** 99 S.W.3d at 371 n. 6.

**31.** *Id.* at 372–73.

**32.** 968 S.W.2d 319, 322 (Tex.1998).

express no opinion, the trial court should have denied the motion, which it did. That does not, however, absolve the court of appeals from reviewing the merits of Exito's appeal of that ruling. Any defect in proof goes to the merits; it is simply not a waiver issue. The court of appeals therefore erred in holding that a defective verification and affidavit resulted in a waiver of Exito's special appearance.

\* \* \* \*

For the foregoing reasons, we hold that the court of appeals erred in holding that Exito waived its special appearance. We accordingly grant Exito's petition for review and, without hearing oral argument,[33] reverse the judgment of the court of appeals and remand the case to that court for further proceedings consistent with this opinion.