Opinion Issued March 17, 2005








     




In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01038-CV




FOREST RIVER, INC., Appellant

V.

QUALITY FRAMES, INC., Appellee




On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2002-59469




MEMORANDUM OPINION

          Appellant, Forest River, Inc., appeals the trial court’s granting of the special
appearance of appellee, Quality Frames, Inc. We determine whether Quality Frames
waived its special appearance by seeking affirmative relief when it filed a motion to
quash unrelated to its special appearance. We affirm. 
Background
          In May 2002, the Mullinses purchased a recreational vehicle (R.V.), which had
been ordered and manufactured by Forest River, from Terry Vaughn . The R.V.’s
frame had been manufactured by Quality Frames. Upon delivery and inspection of
the R.V., the Mullinses noticed several minor defects that Vaughn agreed to repair. 
However, at a later date, the Mullinses discovered major structural defects not visible
to the naked eye, including a bent frame and uneven jacks that prohibited the R.V.
from being properly pulled. 
          In November 2002, the Mullinses filed an original petition alleging breach of
contract and breach of warranty claims against Terry Vaughn R.V.s and Forest River. 
In April 2003, the Mullinses filed their second amended original petition, adding
Quality Frames as a defendant, alleging that it had designed and manufactured a
defective R.V. frame. On May 6, 2004, Forest River filed a cross-claim against
Quality Frames, seeking indemnity under the innocent-retailer doctrine. On May 21,
2004, Quality Frames filed a special appearance, and on July 23, 2004, filed an
amended special appearance and an original answer. 
          On August 10, 2004, the Mullinses’ counsel noticed the deposition of Forest
River’s expert. Two days later, Quality Frames filed a motion to quash the
deposition, pursuant to rule 199.4 of the Texas Rules of Civil Procedure. The trial
court heard Quality Frames’s special appearance and granted the motion on
September 7, 2004. 
Special Appearance
          In its sole point of error, Forest River contends that Quality Frames waived its
special appearance by seeking affirmative relief from the trial court when it filed a
motion to quash unrelated to its special appearance. 
            Texas Rule of Civil Procedure 120a, which governs special appearances, states
that “[e]very appearance, prior to judgment, not in compliance with this rule is a
general appearance.” Tex. R. Civ. P. 120a. The Texas Supreme Court provided
guidance as to what constitutes a general appearance in Dawson-Austin v. Austin, 968
S.W.2d 319 (Tex. 1998). The Texas Supreme Court held that a party enters a general
appearance when it (1) invokes the judgment of the court on any question other than
the court’s jurisdiction, (2) recognizes by its acts that an action is properly pending,
or (3) seeks affirmative action from the court. Id. at 322. Rule 120a specifically
provides that “the issuance of process for witnesses, the taking of depositions, the
serving of requests for admissions, and the use of discovery processes shall not
constitute a waiver of such special appearance.” Tex. R. Civ. P. 120a(1).
            Forest River contends that, by filing a motion to quash the deposition of Forest
River’s expert, Quality Frames actively pursued affirmative relief from the trial court
unrelated to its special appearance, thereby making a general appearance, subjecting
it to the trial court’s jurisdiction. Forest River relies on Exito Electronics Co. Ltd. v.
Trejo, 142 S.W.3d 302 (Tex. 2004), to support its proposition that the trial court’s
resolution of a discovery matter unrelated to the special appearance amounts to a
general appearance. Contrary to Forest River’s contention, in Exito, the Texas
Supreme Court expressly stated that it declined to reach a conclusion regarding the
effect of a party’s participation in discovery unrelated to the special appearance
before the resolution of the special appearance. See id. at 306 n.24. 
          This Court examined circumstances and arguments analogous to those in the
present case in Silbaugh v. Ramirez, 126 S.W.3d 88 (Tex. App.—Houston [1st Dist.]
2002, no pet.). In Silbaugh, the defendant/appellant filed a special appearance, and
before the special appearance was resolved by the trial court, filed a motion to quash
the deposition, noticed by the plaintiff, of a co-defendant. Id. at 92. The trial court
found that the defendant had made a general appearance by seeking affirmative action
from the trial court. Id. 
          On appeal, the appellee contended that filing the motion to quash had invoked
the jurisdiction of the trial court. Id. at 93. However, this Court disagreed with the
trial court and found that the special appearance had not been waived. Following the
plain meaning of rule 120a, we held that the statute does not limit discovery to only
those issues that are related to the special appearance and that the discovery process
includes timely objections to discovery and does not require a defendant to choose
between waiving discovery objections and waiving its special appearance. Id. 
Further, even filing notice of a hearing and setting a hearing on the trial court’s
docket on the motion to quash does not waive the special appearance. See Tex. R.
Civ. P. 120(a)(2).
          The facts in the present case are indistinguishable from those in Silbaugh. 
Before the trial court had ruled on its special appearance, Quality Frames filed a
motion to quash the deposition, noticed by the plaintiff, of a co-defendant. As in
Silbaugh, Quality Frames’s motion to quash was part of the discovery process and did
not waive its special appearance. See id. 
          We overrule Forest River’s sole point of error. 
Conclusion
          We affirm the judgment of the trial court.
          
 



                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.