



## MEMORANDUM OPINION

No. 04-11-00634-CV

**OASIS AT FIVE PALMS, LLC**,
Appellant

v.

William C. **LANGE**, Stacey J. Lange, Kristofer J. Lange, Joseph G. Pascua, Frank E. Perkins,
Judy L. Schulmire, Brad A. Russell, Michael D. Garber, P.C., and Michael D. Garber,
Appellees

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 10-522-CV
Honorable W.C. Kirkendall, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  February 8, 2012

AFFIRMED

This is an accelerated appeal from the trial court's order sustaining the special appearances filed by appellees Stacy Lange and Brad Russell. On appeal, appellant asserts the trial court erred because Lange and Russell violated Texas Rule of Civil Procedure 120a by filing and obtaining rulings on pleas in abatement and a motion for continuance before their

special appearances were "heard and determined." Because we conclude that neither Lange nor Russell waived their special appearance, we affirm the trial court's order.[1]

## SPECIAL APPEARANCE

Rule 120a requires that "[a]ny motion to challenge the jurisdiction provided for herein shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard." TEX. R. CIV. P. 120a.2. Failure to comply with Rule 120a results in waiver of the special appearance. A party enters a general appearance and waives a special appearance "when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004) (citing *Dawson–Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998). The test for a general appearance is whether a party requests affirmative relief inconsistent with an assertion that the trial court lacks jurisdiction. *Dawson–Austin*, 968 S.W.2d at 323. Although Rule 120a allows a defendant to file other motions subsequent to the special appearance, the rule contains no exception allowing a defendant to set and argue other motions before the special appearance is determined. *See* TEX. R. CIV. P. 120a.2 (expressly stating that special appearance "shall be heard and determined" before any other pleading or motion).

## LANGE'S DTPA PLEA IN ABATEMENT

On March 1, 2010, appellant filed suit against a variety of defendants, including Lange and Russell, alleging negligence, negligent misrepresentation, breach of contract, common law fraud, fraud by non-disclosure, and violations of the Texas Deceptive Trade Practices Act ("the DTPA"). None of the defendants are Texas residents. On April 26, 2010, Lange and two other

---

[1] On appeal, appellant does not argue the merits of the trial court's decision to grant the special appearances. Instead, appellant argues only that the special appearances were waived.

defendants (Harbor Funding Group, Inc. and William Lange) filed a "Plea in Abatement Subject to Special Appearance" in which they asserted as follows:

> this cause must be abated for a period of sixty (60) days because [appellant] failed to provide written notice to Defendants prior to filing suit advising each Defendant in reasonable details of [appellant's] specific complaint and the amount of economic damages, and expenses, including attorney's fees, if any, reasonably incurred by [appellant] in asserting the claim against Defendants, as required by § 17.505, Texas Business & Commerce Code.

> Defendants were and are entitled to proper statutory notice in order to pursue settlement negotiations and to tender a settlement offer, as appropriate, in accordance with § 17.505(c), Texas Business & Commerce Code.

In early May 2010, appellant filed a "Motion for Docket Control Order" and a "Notice of Hearing" setting the motion for May 20, 2010. Lange's plea in abatement was not set for a hearing.

At the commencement of the May 20 hearing, appellant's attorney stated he had filed a motion for docket control order on his client's behalf, but he noted to the court that Lange, and two other defendants, had filed a plea in abatement regarding the notice provision in the DTPA. When appellant's attorney began to argue the merits of the plea, Lange's attorney informed the court that his clients had filed special appearances and were "in the state of Washington, subject to special appearance." The trial court heard further arguments and then granted the abatement as to Lange only.

On appeal, appellant asserts the hearing and ruling on Lange's DTPA plea in abatement invoked the trial court's jurisdiction on a question other than personal jurisdiction and sought affirmative relief from the court. Appellant contends that because the hearing and ruling violated the "due order of hearing" rule, Lange waived her special appearance. Lange counters that the trial court granted the abatement during the May 20 hearing held on appellant's motion for a docket control order, and it was at this hearing that appellant's attorney—not Lange—raised the

issue of the abatement and asked the court to rule. Therefore, Lange concludes that because *she* neither sought affirmative relief from the court nor invoked the court's ruling at the May 20 hearing, she did not waive her special appearance. We agree with Lange.

It was appellant that first raised the issue of Lange's request for an abatement at the hearing on appellant's request for a scheduling order. Lange did not set her plea in abatement for a hearing, she did not raise the issue of the plea at the hearing requested by appellant, and she did not ask the court to rule on the plea at the May 20 hearing. Therefore, we conclude Lange did not seek affirmative relief inconsistent with her assertion that the trial court lacked jurisdiction over her. Accordingly, the trial court's ruling on Lange's DTPA plea in abatement did not constitute a general appearance such that she waived her special appearance.

## INDEFINITE ABATEMENT AND MOTION FOR CONTINUANCE

About one year after the lawsuit was filed, Lange and Russell asked for an indefinite abatement of the trial because two other defendants had been arrested and could not travel to Texas for trial. Lange and Russell then filed a motion for continuance of the April 18, 2011 trial setting, arguing defense counsel had a conflict of interest and because the other two defendants were now under indictment in New York on criminal charges. Following an April 8, 2011 hearing, the trial court passed the April 18 trial setting, ordered counsel to set the special appearances for hearing forty-five days out, and ordered counsel to obtain a trial setting ninety days out. On appeal, appellant asserts that, similar to Lange's request for an abatement under the DTPA, the hearing and ruling on the request for an indefinite abatement and a continuance of the trial setting were unrelated to the special appearance and, instead, addressed Lange's and Russell's alleged inability to prepare for trial on the merits, which was scheduled for ten days later. As a result, appellant argues Lange and Russell waived their special appearance.

At the hearing, Lange's and Russell's attorney explained he represented several of the defendants in the lawsuit and an indefinite abatement was necessary because two of the defendants were under criminal indictment and not available for trial. Counsel said he filed the motion for continuance of the trial date in the event the abatement was denied. Counsel also stated that he had, that very morning, filed a motion to withdraw because of a conflict that had arisen. Apparently counsel represented both Lange and her husband William, but a conflict now existed because Lange recently filed a petition for divorce. His motion to withdraw was also based on the fact that the two defendants under federal indictment were not allowed to communicate with each other except through their federal attorneys. Counsel stated he needed either an abatement or a continuance to allow him time to withdraw from the case. After hearing arguments, the trial court stated it would grant the abatement and pass the trial date, but the parties were required to obtain a hearing date on the special appearance and a trial setting. According to the court, this would "allow [counsel's clients] an opportunity to get new counsel and resolve the indictments."

At the hearing, appellant argued the requests for additional time were merely delaying tactics on counsel's part. However, there is no dispute that counsel was faced with a conflict because he could no longer represent both Langes and he could no longer effectively represent the other two defendants. We cannot conclude a party waives a special appearance when placed in a position such as the one presented here. Lange and Russell had no choice but to request a continuance of all matters pending their attorney's resolution of the conflicts. Also, the trial court clearly understood that the special appearance had to be considered before trial when it ordered counsel to obtain a hearing date on the special appearance within forty-five days.

Therefore, we conclude the filing of the plea in abatement and motion for a continuance did not constitute a general appearance such that Lange or Russell waived their special appearance.

## CONCLUSION

For the reasons stated above, we affirm the trial court's Order on Defendants' Special Appearance Challenging Personal Jurisdiction.

Sandee Bryan Marion, Justice