**Affirm and Opinion Filed July 11, 2013**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-11-01396-CV

### IN THE INTEREST OF P.D.K., A CHILD

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-56355-2010**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Lang
Opinion by Justice Bridges

Peter Klamka appeals the trial court's order holding him in contempt for failure to pay child support, awarding judgment for child support arrearages to Shondela Morton, and committing Klamka to county jail for 180 days. In three issues, Klamka argues the lower court did not have jurisdiction over him because he was not amenable to service of process in Texas, Morton improperly registered a Michigan child support order in Texas, and Klamka was not adequately put on notice of the child support order. We affirm the trial court's order.

In December 2010, Morton filed a "petition to establish parent-child relationship" seeking to have herself appointed sole managing conservator of P.D.K., the son of Klamka and Morton. The petition also sought child support from Klamka. Attached to the petition was Morton's affidavit in which she stated that she and Klamka were divorced in Michigan on September 25, 2009. According to Morton's affidavit, the Michigan judge "did not determine custody and instead held a separate trial for child-related issues in January 2010. However, the

Michigan judge "never made a final decision on custody" and "terminated jurisdiction of the custody case." Morton's affidavit concluded, "Since the judge in Michigan refused to make a ruling, and [Klamka] has caused the court to lose jurisdiction, I have no other choice but to seek help from the courts in Texas." Also attached to Morton's petition was a December 9, 2010 Michigan court order in which the Michigan court determined it could not maintain jurisdiction of the custody issue and terminated its jurisdiction because none of the parties were living in Michigan at that time.

In response, Klamka filed a special appearance on the basis that New York was his "legal domicile," and he had "insufficient contacts with Texas to warrant an assumption of jurisdiction." In the alternative, Klamka requested that the court decline jurisdiction and dismiss the case or, alternatively, stay its proceedings in deference to a custody proceeding Klamka filed in the state of New York. Morton filed a response in which she asserted only Texas satisfied the jurisdictional requirements under the Uniform Child Custody Jurisdiction and Enforcement Act. The trial court initially entered an order sustaining Klamka's special appearance and dismissed Morton's suit with prejudice. Subsequently, the trial court entered an order of clarification stating personal jurisdiction over Klamka was not necessary to make a child custody determination, and "therefore the New York court needs to hear additional testimony to determine if this Court or if the New York court has jurisdiction over the custody determination."

In May 2011, Klamka filed his "original counter petition in suit affecting the parent-child relationship" in the 429th District Court in Collin County, Texas. Among other things, the petition asserted it was in the best interest of P.D.K. to have Klamka appointed sole managing conservator or, alternatively, to have Klamka and Morton appointed as joint managing conservators, with Klamka having certain exclusive rights with respect to the child. The petition requested the court to order Morton to pay child support and requested temporary orders to that

effect. Following a September 2011 hearing, the trial court entered an order holding Klamka in contempt for failure to pay child support and sentencing him to 180 days' confinement in Collin County jail. This appeal followed.

In his first issue, Klamka argues the trial court never had personal jurisdiction over him because he was not amenable to service in Texas. In support of this argument, Klamka argues he was never served with citation personally in Texas, he filed a special appearance, he did not consent to jurisdiction by entering a general appearance, and he did not have sufficient minimum contacts with Texas for the exercise of personal jurisdiction over him to pass constitutional muster. We disagree.

Texas Rule of Civil Procedure 120a, which governs special appearances, states that "[e]very appearance, prior to judgment, not in compliance with this rule is a general appearance." TEX. R. CIV. P. 120a; *Exito Elecs. Co., Ltd. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004). A party enters a general appearance when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court. *Exito*, 142 S.W.3d at 304.

Here, Klamka filed a special appearance which the trial court initially sustained. However, as the case continued, Klamka filed an original counter petition seeking to have himself appointed sole managing conservator of P.D.K. or, alternatively, to have Klamka and Morton appointed as joint managing conservators. The counter petition also sought temporary orders granting the requested relief. We conclude the counter petition seeking to be appointed sole managing conservator of P.D.K. and requesting temporary orders amounted to a general appearance. *See id.* Accordingly, the trial court did not lack jurisdiction over Klamka. We overrule Klamka's first issue.

–3–

In his second and third issues, Klamka argues Morton improperly registered a Michigan court's child support order, and he was not adequately put on notice of the child support order being enforced against him.  A court of appeals lacks jurisdiction to review a contempt order on direct appeal.  *Herzfeld v. Herzfeld*, 285 S.W.3d 122, 132 (Tex. App.—Dallas 2009, no pet.). Because we conclude the issues raised in Klamka's second and third issues seek review of the trial court's contempt order, we lack jurisdiction to address these issues.  *See id.*

We affirm the trial court's order.

/David L. Bridges/

DAVID L. BRIDGES

111396F.P05                                             JUSTICE

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF P.D.K., A CHILD

No. 05-11-01396-CV

On Appeal from the 429th Judicial District Court, Collin County, Texas

Trial Court Cause No. 429-56355-2010.

Opinion delivered by Justice Bridges.

Justices Moseley and Lang participating.


In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Shondela Morton recover her costs of this appeal from appellant Peter Klamka.


Judgment entered July 11, 2013


/David L. Bridges/

DAVID L. BRIDGES

JUSTICE