ACCEPTED
04-14-00657-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/13/2015 10:41:48 AM
KEITH HOTTLE
CLERK

NO. 04-14-00657-CV

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
8/13/2015 10:41:48 AM
KEITH E. HOTTLE
Clerk

RICHARD LESHIN, SUCCESSOR TRUSTEE
OF THE DAVILA FAMILY TRUST, TRUST A,
APPELLANT

VS.

JUAN GERARDO OLIVA, INDIVIDUALLY, AND
ROSINA OLIVA, INDIVIDUALLY AND AS
SUCCESSOR TRUSTEE OF THE DAVILA FAMILY TRUST,
TRUSTS B, C AND D,
APPELLEES

*From the 406ᵗʰ Judicial District Court, Webb County, Texas*
*Cause No. 2008-CVF-000855-D4*
*Honorable Oscar J. Hale, Jr., Judge Presiding*

APPELLEE ROSINA OLIVA'S
MOTION FOR REHEARING

TO THE HONORABLE JUDGE OF SAID COURT:

Rosina Oliva, Individually and as Trustee of the Davila Family Trust, Trusts B, C

and D, Appellee, moves for rehearing, and shows:

ISSUE NO. ONE

The arbitrator did not exceed his powers by awarding money damages against Mr.

Leshin "individually" because a trustee is personally liable for a breach of trust.

1

## Argument as to Issue No. One

The following are without dispute:

1.      Mr. Leshin was before the arbitrator as the successor trustee of Davila Family Trust, Trust A;

2.      Mr. Oliva is a beneficiary of Trust A;

3.      Mr. Oliva's claim against Mr. Leshin was for "breach of trust";

4.      Mr. Oliva's claim was clearly within the mandatory arbitration clause;

5.      The remedy for breach of trust by a trustee may include "compelling the trustee to pay money or to restore property;" Tex. Prop. Code § 114.008(a)(3);

6.      A trustee is "personally liable for a tort committed by the trustee...in the course of their employment." Tex. Prop. Code §114.083(d).

Appellee argues that it was sufficient that Mr. Leshin was on notice that he was charged with breach of trust by a beneficiary. Therefore, the arbitrator was within his powers to employ the only meaningful remedy which is "personal" liability. To hold otherwise would put the beneficiary in the position of being compelled to arbitration, but to have no real remedy other than recovery against the trust estate. In other words, the beneficiary potentially pays the damages to himself. His beneficial interest in the trust is diminished by his very own award of damages. Catch 22.

As early as 1897 our Supreme Court addressed the question of the personal liability of a trustee who has breached his trust. In *Silliman v. Gano*, 39 S.W. 559 the Court said:

> 'In addition to this claim of the beneficiary upon the trust estate as long as it exists, the trustee incurs a personal liability for a breach of trust by way of compensation or

2

> indemnification which the beneficiary may enforce at his election, and which becomes his only remedy whenever the trust property has been lost or put beyond his reach by the trustee's wrongful act.'

Certainly Mr. Leshin was on notice that he was charged with a tort (breach of fiduciary duty) having been committed by him as trustee and in the course of his employment as such. He is presumed to have known the consequences. In this case, Mr. Leshin undoubtedly knew the consequences as he is a prominent board certified practitioner of trust and estate law. Does he argue that the damages occasioned by his breach of trust must fall upon the beneficiaries of his trust? If such is his argument is that not itself a breach of his duties? Does this Court's opinion tell the bar that in arbitration the traditional remedies for breach of trust are not available unless the trustee has signed the arbitration contract individually or that he/she has otherwise agreed to be individually bound by the arbitrator's award? Could that be an unintended consequence of this Court's opinion as written?

The Opinion as written states: "The Olivas also assert the arbitrator's powers to determine this issue arise from §§ 114.008(a) and 114.083(d) of the Texas Property Code." More precisely the Olivas assert that the arbitrator had full power to employ the statutory remedy of "personal liability" to remedy the breach of trust which Mr. Leshin was found to have committed. It is not so much a question of arbitrability as of the appropriate remedy for a breach of trust by a trustee.

3

## ISSUE NO. TWO

The arbitrator did not exceed his powers in awarding money damages against Mr. Leshin "individually" because even if he may be considered a nonsignatory in his "individual" capacity, he is nevertheless bound to arbitrate under the doctrine of equitable estoppel.

### Argument and Authorities as to Issue No. Two

This Court has treated Mr. Leshin individually as a nonsignatory of the arbitration clause. In fact, none of the parties to the present case signed the arbitration clause. That clause, which appears in the original Davila Family Trust agreement, was only signed by Mr. and Mrs. Davila. However, Mr. Leshin, as successor trustee of Trust A, stands in the shoes of Mr. Davila. Rosina Oliva, as successor trustee of Trusts, B, C and D, stands in the shoes of Mrs. Davila. Mr. Oliva is a beneficiary of Trust A and as such is bound to arbitrate "any claim between the Trustee and any other parties to this Trust, including Beneficiaries." While it may be true that Mr. Leshin did not sign the arbitration clause "individually," it is also true that the Olivas must rely on the terms of the trust agreement in asserting their claims against Mr. Leshin. Also, the Olivas' claims make reference to or presume the existence of the trust agreement and arise out of the written agreement. Thus, under equitable estoppel, Mr. Leshin is bound to arbitrate these claims even if he personally did not agree to do so; otherwise the arbitration proceedings between those who stand in the shoes of the signatories would be rendered meaningless and the policy in favor of arbitration effectively thwarted.

4

The question of equitable estoppel binding nonsignatories has been upheld by both Texas and federal courts. The leading Texas cases include *In Re Weekly Homes, L.P.*, 180 S.W.3d 127 (Tex. 2005) and *Meyer v. WMCO-GP, LLC*, 211 S.W.3d 302 (Tex. 2006). In *Meyer* the Supreme Court said, "As a rule, arbitration of a claim cannot be compelled unless it falls within the scope of a valid arbitration agreement. But, sometimes a person who is not a party to the agreement can compel arbitration with one who is, **AND VICE VERSA**." (emphasis added) *Meyer* goes on to state that the Fifth Circuit decision in *Grigson* is a "substantially correct statement of Texas law." The Court in *Meyes* says:

> The court of appeals came to this same conclusion based largely on *Grigson v. Creative Artists Agency, L.L.C.,* in which the United States Court of Appeals for the Fifth Circuit quoted the Eleventh Circuit's decision in *MS Dealer Service Corp. v. Franklin*, stating:

> Existing case law demonstrates that equitable estoppel allows a nonsignatory to compel arbitration in two different circumstances. First, equitable estoppel applies when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the nonsignatory. When each of a signatory's claims against a nonsignatory makes reference to or presumes the existence of the written agreement, the signatory's claims arise out of and relate directly to the written agreement, and arbitration is appropriate. Second, application of equitable estoppel is warranted when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract. Otherwise the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted.

> Equitable estoppel should bar Mr. Leshin from saying he "personally" is not bound

by the arbitration clause.

5

## ISSUE NO. THREE

The arbitrator did not exceed his powers by making awards against Mr. Leshin "individually" because Mr. Leshin himself invoked the powers of the arbitrator by seeking affirmative relief which was denied. Alternatively, the record is incomplete.

### Argument as to Issue No. Three

Appellant argues that where the award refers to Mr. Leshin only by name, and does not specify whether "individually" or "as trustee," the award must be read as imposing individual liability. If this is true should the Court not look at other places in the award where the arbitrator denied requests for affirmative relief made by Mr. Leshin referring to him only by name?  For example:

1.     At finding "c" of the award the arbitrator finds "Richard Leshin's request for offset relative to his claim of gifts and loans is denied." (CR 110);

2.     At award "g" where the arbitrator states, "Any relief requested by Richard L. Leshin in his counterclaim against Juan Gerardo Oliva that is not specifically awarded herein are denied." (CR 116); (Note: the counterclaim does not appear to be part of the record);

3.     At award "s" and "t" where Richard L. Leshin "is awarded no attorney's fees nor AAA expenses." (CR 118)

This tells us that requests for affirmative relief were made. It does not tell us in what capacity such requests were made, but if Appellant argues awards made against him in his own name mean "individually" then should not awards denied him in his own name mean the same? Is this not analogous to a defendant who waives "personal jurisdiction" complaints by seeking affirmative relief?

6

A party is considered to have entered a general appearance and therefore consented to personal jurisdiction when the party '(1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004).

One of two things must be true. Either we have an incomplete record or Mr. Leshin has individually invoked the arbitrator's powers. In either case the trial court's judgment must be affirmed. Judge Hale actually found an incomplete record:

> I believe that there's just not enough evidence here before this court to convince this court that the arbitrator did not have jurisdiction to include Mr. Leshin as an individual here in court that it was included inadvertently. So at this point, the Court will confirm the award and enter judgment as awarded by the arbitrator. (RR. Vol. 2, p. 38

## ISSUE NO. FOUR

In the alternative, there is no reason to read the awards of attorney's fees and AAA expenses as imposed against Mr. Leshin individually. There is no disagreement on this issue between the Olivas.

## Argument as to Issue No. Four

In footnote 1 of the Opinion this Court "recognizes there is a disagreement between the Olivas regarding whether the arbitrator actually issued an award against Leshin in his individual capacity." Further that "Rosina contends the arbitration award, at least as to her, is not against Leshin in his individual capacity." Further that "Rosina's attempted concession has no impact on our holding or judgment."

7

While this issue may not have been artfully briefed or argued by Rosina's counsel, there really is no disagreement. The arbitrator uses the term "individually and as trustee" one time and one time only in the award. The term is only used in connection with the conditional award of money damages in the event Mr. Leshin fails to distribute the personal property. Rosina does not contend that "personal liability" of Mr. Leshin arises in any other context. The award, when read in context, need not be read as imposing personal liability for attorney's fees and AAA expenses. If the award only imposes this liability on Mr. Leshin as trustee there is nothing to be sent back to Judge Hale. What is he to decide that he has not already decided?

During the hearing on Motion to Vacate/Motion to Confirm the following exchange occurred before Judge Hale:

> MR. CAZIER: Judge, I heard your question a minute ago. It was, what have we agreed on. I think we've agreed to enter judgment confirming the award, the only question being whether or not the judgment confirming the award –
>
> THE COURT: Should be modified?
>
> MR. CAZIER: -- should modify as to this individual liability of the trustee.
>
> THE COURT: Removing the individual liability language and inserting or making sure that it says, "As successor trustee" is what I heard.
>
> MR. CAZIER: Exactly.
> THE COURT: So we're in agreement with confirming the award subject to, at least on your end, the Court's ruling on whether or not to modify the language as you requested?
>
> MR. CASTILLO: Yes, Judge, but there's only one place in the award where it awards $79,000 against Richard Leshin,

8

successor trustee and individual. It described him up on front as the named party being the successor trustee. The award for 79 is in both capacity, individually. But then in other awards, awards for attorney fees and cost, it just says Richard Leshin.

THE COURT: It doesn't say –

MR. CASTILLO: It doesn't say individually or either one.

THE COURT: So what is the petition on that. I mean –

MR. CAZIER: I agree that, for clarity's sake, we can add Richard Leshin as trustee to all of those awards which involve Triple A expenses and everything else.

THE COURT: Wherever it doesn't mention individually or successor trustee?

MR. CAZIER: Exactly.

MR. CASTILLO: And, Judge, that's where we disagree because if the arbitrator specifically references that the award for 79,000 is individually and as successor trustee, then on the other recitals where it says only Richard Leshin, you can't tell whether he meant as trustee or individually. We take the position that that's individually. We cannot assume what he was thinking and --

THE COURT: So you're saying that it should be individually then? I thought I understood you the other way.

MR. CASTILLO: No, no. It doesn't say anything. It just said Richard Leshin, whereas the 79,000 --

THE COURT: But on that one, you were asking, I thought, to remove individually.

MR. CASTILLO: That's right.

THE COURT: Is that what I understood?

MR. CASTILLO: Right, but we don't want those to be assigned to the trust either. Those costs and attorney fees should not be --

9

THE COURT: So what should it be? It has to read one or the other.

(RR Vol. 2, pp. 7-10)

The Court is asked to remember that the attorney's fees and AAA expenses were recoverable under the arbitration clause. There is no argument that Mr. Leshin was not subject to the arbitration clause in his capacity as trustee.

As Mr. Snell so eloquently put it: "It's either individual or it's trustee. It can't be nothing." (RR Vol. 2, p. 12).

WHEREFORE, PREMISES CONSIDERED, Appellee prays the Court grant rehearing and affirm the trial court's judgment.

> **OLIVERO E. CANALES**
> State Bar No. 03737200
> 719 Chihuahua St., Suite 102
> Laredo, Texas 78040
> 956/723-5092 (telephone)
> 956/723-1327 (fax)
>
> **ALLEN CAZIER**
> 1250 N.E. Loop 410, Suite 725
> San Antonio, Texas 78209
> Telephone: 210/824-3278
> Telecopier: 210/824-3937
>
> By:   /s/ Allen Cazier
> ALLEN CAZIER
> State Bar No. 04037500
> *Attorneys for Appellee*
> *Rosina Oliva, Individually and as*
> *Successor Trustee of the Davila*
> *Family Trust, Trusts B, C & D*

10

**Certificate of Compliance**

Pursuant to Texas rules of Appellate Procedure 9.4, I certify that there are 2,345 words in this document, exception those portion listed in Rule 9.4(i)(l) as calculated by this word counts feature of Microsoft Word 2010, which was used to prepare this document.

/s/ Allen Cazier
ALLEN CAZIER

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing has been served upon the following individuals through the Court's ECF/CM system on this 13th day of August, 2015.

Guadalupe Castillo
Zaffirini and Castillo
1407 Washington
Laredo, Texas 78042
Facsimile: 956/727-4448
Email: gcast@zaffirini.com

David C. "Clay" Snell
Bayne, Snell & Krause
1250 N.E. Loop 410, Suite 725
San Antonio, Texas 78209
Facsimile: 210/824-3937
Email: dsnell@bsklaw.com

Eduardo Romero
Villarreal & Romero, PLLC
210 W. Del Mar Blvd., Suite 15
Laredo, Texas 78041
Facsimile: 956/727-2404
Email: romero@vrlawfirm.com

/s/ Allen Cazier
ALLEN CAZIER