ACCEPTED
01-15-00863-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/19/2015 7:49:13 PM
CHRISTOPHER PRINE
CLERK

**01-15-00863-CV**

In the Court of Appeals
For the First District of Texas at Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

11/19/2015 7:49:13 PM

CHRISTOPHER A. PRINE
Clerk

# ELIZABETH THOMAS,
### *Appellant,*

**v.**

# MERITAGE HOMES OF TEXAS, LLC f/k/a MERITAGE HOMES OF TEXAS, L.P. f/k/a LEGACY MONTEREY HOMES, L.P.;
# MTH LENDING GROUP, L.P. f/k/a MERITAGE LANDING SERVICE PRIMARY RESIDENTIAL MORTGAGE, INC. d/b/a f/k/a
# FLAGSTONE LENDING GROUP STEWART TITLE COMPANY;
# MTH TITLE COMPANY;

### *Appellees.*

On appeal from the 61st Judicial District Court
of Harris County, Texas
The Honorable Erin Lunceford, Presiding
Cause number: 2014-54729

## APPELLANT ELIZABETH THOMAS REPLY TO APPELLEE CODILIS & SAWIARSKI, PC'S OBJECTION TO APPELLATE MEDIATION

*Attorney for Appellant*
*ELIZABETH THOMAS*

By:/s/James M. Andersen
James M. Andersen Attorney
Texas State Bar No. 01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (218)488-2800
Fax. (281)480-1190
E-Mail:jandersen.law@gmail.com

In the Court of Appeals
For the First District of Texas at Houston

**ELIZABETH THOMAS,**

*Appellant,*

v.

**MERITAGE HOMES OF TEXAS, LLC f/k/a MERITAGE HOMES OF TEXAS, L.P. f/k/a LEGACY MONTEREY HOMES, L.P.; MTH LENDING GROUP, L.P. f/k/a MERITAGE LANDING SERVICE PRIMARY RESIDENTIAL MORTGAGE, INC. d/b/a f/k/a FLAGSTONE LENDING GROUP STEWART TITLE COMPANY; MTH TITLE COMPANY**

*Appellees.*

On appeal from the 61st Judicial District Court
of Harris County, Texas
The Honorable Erin Lunceford, Presiding
Cause Number: 2014-54729

**TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS**

On November 5, 2015, this court issued a Memorandum Order of Referral to Mediation Appellant files this reply in response to Appellee's objection to mediation on the grounds that Appellee was not properly served and thus, this court lacks jurisdiction. This allegation is without merit as shown by the following facts.

A. **Service on Codilis & Stawiarski P.C., and its employee Mary M. Speidel**

On August 31, 2015, the Appellant moved before the Honorable Michael Landrum of the 113th Judicial District Court in Harris County, for a Temporary Restraining Order ("TRO") pursuant to Tex. R. Civ. P. 680, restraining the Appellee from attempting to conduct a foreclosure sale upon Appellant property for the collection of a debt that was discharged in

bankruptcy. The order was signed bond ordered and posted in the amount of $100.00 pursuant to Tex. R. Civ. P. 684. An injunction hearing scheduled for September 11, 2015, at 1:30 p.m., in the 61st District Court of Harris, Texas located at 201 Caroline Street, Houston, TX 77002, Appellees was commanded to appear at that time and show cause, if any exist, why a temporary injunction should not be issued against them. (CR 4.)

On August 31, 2015, the Harris County District Clerk issued a citation for a writ of execution pursuant to Tex. R. Civ. P. 687. Appellant Counsel thereinafter retained the services of licensed process server Karl W. Waters of "Same Day Services" to serve Codilis & Stawiarski P.C., and/or its employee Mary M. Speidel at their respective law offices with (i) Writ of Execution for TRO (ii) the Temporary Restraining Order; and (iii) a copy of the Third Amended Petition restraining their conduct of conducting the September 1, 2015, foreclosure sale. (CR. 6 ) .

On September 1, 2015, licensed process server Mr. Karl W. Waters filed an affidavit of drop service on Appellees employee Mary M. Speidel, for Writ, Temporary Restraining Order and Petition" by with the District Clerk of Court pursuant to Tex. R. Civ. P. 689. (CR.6)

On November 11, 2015, licensed process servicer Karl W. Waters of "Same Day Process Service", has since prepared another sworn to affidavit attesting to the fact that a drop service on Appellees employee Mary M. Speidel, was necessary because after she identifying herself she refused to except service after Mr. Waters made known his purpose Mr. Waters dropped all the documents at her feet.  See: **Exhibit A**.

"Rule 103 of the rules of civil procedure provides, among other things, that the citation shall be served by any person authorized by rule 103 by "delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition

3

attached thereto." Tex. R. Civ. P. 106(a)(1). Generally, a person within the jurisdiction has the obligation to accept service of process when it is reasonably attempted. See *Dosamantes v. Dosamantes*, **500 S.W.2d 233, 237** (Tex. Civ. App.—Texarkana 1973, writ dism'd).

Under the Rule, Codilis & Stawiarski P.C., and its employee Attorney Mary M. Speidel are held to have been personally served if they physically refused to accept the citation and said citation is then deposited in an appropriate place in their presence or near them where they are likely to find it, if they were also informed of the nature of the process and that service is being attempted. Id.; see also *Texas Industries, Inc. v. Sanchez*, **521 S.W.2d 133, 135** (Tex.Civ.App.-Dallas), writ ref'd n.r.e., **525 S.W.2d 870** (Tex.1975*). Rogers v. Moore*, **2006 WL 3259337, 1** (Tex. App.—Dallas, 2006). Appellees argument that this court lack jurisdiction because they have not been personally or properly served fails.

**B.  Codilis & Stawiarski P.C., has already Appeared in the Case**

September 1, 2015, Appellee Codilis & Stawiarski P.C., and its employee Attorney Mary M. Speidel, complied with  the Temporary Restraining Order ("TRO") issued by  Honorable Michael Landrum of the 113th Judicial District Court in Harris County.  Specifically, the TRO restrained Codilis & Stawiarski P.C., and its employee Attorney Mary M. Speidel, and other defendants from taking any action against the Appellant's property.   However Appellees failed to appear before trial court the 61st Judicial District Court in Harris County on September 11, 2015, for scheduled injunction hearing.

On September 11, 2015, trial Court, out of an abundance of caution, due to an inadvertent scheduling error, issued another order for Appellee Codilis & Stawiarski P.C., to appear at an injunction hearing rescheduled for September 18, 2015.

4

On September 18, 2015, Attorney Jeffrey B. Hardaway of the law of Codilis & Stawiarski P.C., made a general appearance at the injunction hearing; and before trial court gave notice that he represented Codilis & Stawiarski P.C. By making a general appearance, the Appellee agreed that trial court had the power to bind them by its actions and waived the right to raise any jurisdictional defects (e.g., by claiming that the service of process was improper).

On September 18, 2015, Attorney Jeffrey B. Hardaway's sole argument before trial court centered only on the sole issue that Appellee was not a proper party and sought to invoke trial court's jurisdiction by seeking trial court render a decision that (i) the law firm was not a proper party and (ii) to dismiss the Law Firm from the pending suit.

The ultimate focus of the inquiry is whether acts by the Appellee amounts to an implicit recognition of the court's jurisdiction over the parties to decide a question other than the existence of jurisdiction itself. See *Smith,* **672 S.W.2d at 617**; accord *Rojas v. Scharnberg*, **No. 01–9–01039,** 2011 Tex.App. LEXIS 1975, at *7–8 (Tex.App.-Houston [1st Dist.] Mar. 17, 2011, no pet.) (mem.op.).

In the context of disputes over whether a defendant has waived prior or prospective challenges to personal jurisdiction by special appearance through actions impliedly recognizing the court's jurisdiction to decide broader questions (i.e., by making a "general appearance"), see Tex. R. Civ. P. 120a(1).  The Texas Supreme Court has distilled the inquiry into the following alternative considerations:

[A] party enters a general appearance when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court. *Exito Elecs. Co. v. Trejo*, **142 S.W.3d 302, 304** (Tex.2004) (per curiam) (citing *Dawson–Austin v. Austin*, **968 S.W.2d 319, 322**

5

(Tex.1998)); see also *St. Louis & San Francisco R.R. Co. v. Hale*, **206 S.W. 75, 75** (Tex.1918). ("It seems to be almost uniformly held that a general appearance is entered whenever the defendant invokes the judgment of the court, in any way, on any question other than that of the court's jurisdiction, without being compelled to do so by previous rulings of the court sustaining the jurisdiction.").

The Appellees have satisfied all elements outlined by the Texas Supreme Court in determining if they have made a general appearance in the case (1) clearly Appellee invoked the judgment of the court when seeking a ruling that they were not the proper parties; (2) Appellee recognize by their acts that an action was properly pending by invoking the court jurisdiction seeking a dismissal from said action; and (3) Clearly Appellee invoking the court's power for a dismissal of the pending suit is an affirmative action. See: *Exito Elecs. Co. v. Trejo*, **142 S.W.3d 302, 304** (Tex.2004) (per curiam).

## PRAYER

Appellant asks the Court to find that the Appellee was served with process in the underlying case, which this court has jurisdiction over the Appellees and this appeal and for any further relief this court deems proper and just.

Respectfully submitted,

By:/s/James M. Andersen
James M. Andersen Attorney
Texas State Bar No. 01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (218)488-2800
Fax. (281)480-4851
E-Mail:jandersen.law@gmail.com

## CERTIFICATE OF SERVICE

Pursuant to Texas Rule of Appellate Procedure 9.5(e), the undersigned hereby certifies that a true and correct copy of the foregoing  Reply to Appellees *Objection to Mediation* was served on the following parties vie eService on November 19, 2015:


Bryan Rutherford and Clayton E. Devin
MACDONALD DEVIN, PC.,
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
Attorneys for Appellees
Codilis & Stawiarski P.C.


Allan D. Goldstein
MORRIS, LENDIAS, HOLLRAH & SNOWDEN
1980 Post Oak Blvd., Suite 700
Houston, Texas 77056
Attorneys for non-appeal party Defendants in the underlying case:
Stewart Title Company,  MTH Title Company.



By:/s/James M. Andersen
James M. Andersen Attorney