# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00419-CV

**Scott Phillip Lewis, Appellant**

**v.**

**Dunham & Jones Attorneys at Law, P.C.; Paul Dunham; Gary Barton; Duane Graeff, Appellees**

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-25-002146, THE HONORABLE WILLIAM C. KIRKENDALL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Scott Phillip Lewis appeals from the trial court's order dismissing his legal malpractice lawsuit under Rule 91a. Because Lewis's petition establishes that his claim is time-barred, we will affirm.

## BACKGROUND

Paul Dunham, Gary Barton, and Duane Graeff are criminal defense attorneys who worked at Dunham & Jones Attorneys at Law, P.C. (collectively, appellees). Appellees represented Lewis after he was arrested for driving while intoxicated in 2016. In March 2025, Lewis filed this suit against appellees for legal malpractice and generally alleges that appellees failed to explain charges and plea-bargain discussions to him, intentionally prolonged proceedings, and never reviewed discovery with him. Lewis maintains that he "always intended to go to trial" but instead pleaded guilty to a lesser charge "approximately four (4) years after the original

charge," i.e., in 2020. He alleges that appellees' "malpractice" caused his "symptoms of post-traumatic stress disorder (PTSD) to progress."

Appellees answered and filed a Rule 91a motion to dismiss Lewis's suit, noting that the charges against Lewis were dismissed in September 2020 and thus Lewis's suit—filed over four years later—is barred by the two-year statute of limitations applicable to legal-malpractice claims. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *Erikson v. Renda*, 590 S.W.3d 557, 563 (Tex. 2019). Lewis did not respond to the motion or amend his petition. *See* Tex. R. Civ. P. 91a.4 ("Any response to the motion must be filed no later than 7 days before the date of the hearing."), 91a.5(b) ("If the respondent amends the challenged cause of action at least 3 days before the date of the hearing, the movant may, before the date of the hearing, file a withdrawal of the motion or an amended motion directed to the amended cause of action."). After a hearing, the trial court granted the motion and dismissed Lewis's suit with prejudice.

## DISCUSSION

Lewis, who is pro se, challenges the judgment in three issues on appeal. First, he argues that the trial court lacked jurisdiction to enter its order because appellees have not been served with citation nor have they waived service. But it is undisputed that appellees voluntarily appeared in the suit. For example, the clerk's record contains appellees' answer and Rule 91a motion to dismiss, and the reporter's record indicates that appellees entered an appearance at the Rule 91a hearing. Appellees therefore entered a general appearance. *See* Tex. R. Civ. P. 121 ("An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him."); *id.* R. 120 ("The defendant may, in person, or by attorney, or by his duly authorized agent, enter an appearance in open court. Such appearance . . .

2

shall have the same force and effect as if the citation had been duly issued and served as provided by law."); *Exito Elecs. Co., Ltd. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004) ("[A] party enters a general appearance when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court.").

Lewis also contends that the trial court erred by granting appellees' Rule 91a motion to dismiss. "We review the merits of a Rule 91a motion de novo." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020). "[W]hether a defendant is entitled to dismissal under the facts alleged is a legal question." *In re Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding).

Under Texas Rule of Civil Procedure 91a, a party may "move to dismiss a cause of action on the grounds that it has no basis in law or fact." Tex. R. Civ. P. 91a.1. Relevant here, "[a] cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "In ruling on a Rule 91a motion to dismiss, a court may not consider evidence but 'must decide the motion based solely on the pleading of the cause of action, together with any [permitted] pleading exhibits.'" *In re Farmers*, 621 S.W.3d at 266 (citing Tex. R. Civ. P. 91a.6). "Rule 91a limits a court's factual inquiry to the plaintiff's pleadings but does not so limit the court's legal inquiry." *Bethel*, 595 S.W.3d at 656. "In deciding a Rule 91a motion, a court may consider the defendant's pleadings if doing so is necessary to make the legal determination of whether an affirmative defense is properly before the court." *Id.* And "Rule 91a permits motions to dismiss based on affirmative defenses 'if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought.'" *Id.* (quoting Tex. R. Civ. P. 91a.1).

3

On appeal, Lewis argues that he "did not become aware of the legal malpractice until I received my case file from Dunham and Jones on March 21, 2025," such that "the clock did not begin to run until I discovered the extent of the malpractice on this date." But Lewis made no such allegation in his petition nor did any of the facts stated in his petition indicate an underlying basis for tolling or any other equitable principle that would allow the suit to proceed even though limitations had run. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); *Erikson*, 590 S.W.3d at 563. And the trial court also properly considered appellees' pleadings to determine that their limitations defense was properly before the court. *See Bethel*, 595 S.W.3d at 656. Thus, the trial court did not err by granting appellees' Rule 91a motion to dismiss based on limitations.

Finally, Lewis argues that the trial court's dismissal should have been without prejudice and asks for the opportunity to amend his petition. However, on a Rule 91a motion to dismiss, the trial court's consideration is expressly limited to the pleadings and "a narrow class of exhibits." *Id.* at 654. Lewis's allegations in his petition, taken as true with inferences reasonably drawn from them, do not entitle him to the relief he sought. *See* Tex. R. Civ. P. 91a.1. Because he failed to allege facts that support a timely legal-malpractice claim, the trial court did not err by granting appellees' Rule 91a motion to dismiss. *See, e.g.*, *In re Amazon.com Servs., LLC*, No. 03-23-00634-CV, 2023 WL 8791266, at *6 (Tex. App.—Austin Dec. 20, 2023, orig. proceeding) (mem. op.) (granting mandamus relief when trial court denied Rule 91a motion because allegations established limitations had run); *Ruth v. Crow*, No. 03-16-00326-CV, 2018 WL 2031902, at *2 (Tex. App.—Austin May 2, 2018, pet. denied) (mem. op.) (noting that Rule 91a has "fairly strict time constraints" and rejecting contention that claimant should have been granted additional time to respond or to amend petition).

**CONCLUSION**

We affirm the trial court's order dismissing Lewis's suit.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Affirmed

Filed:   April 3, 2026