

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00017-CV

IN THE INTEREST OF G.P., A CHILD

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 15-C-0118-CCL

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Chief Justice Morriss

# O P I N I O N

Bethany Poole's parental rights to her son, Gerald, were terminated after a bench trial in a suit brought by the Department of Family and Protective Services.[1] Poole is represented on appeal by court-appointed counsel who has filed a brief in accordance with the requirements of *Anders v. California*, 386 U.S. 738 (1967). Court-appointed counsel has concluded, after a thorough review of the record, that this appeal is frivolous and without merit. Because we agree, we affirm the judgment of the trial court. However, in consideration of appointed counsel's continuing obligation to represent Poole for purposes of any further appellate review, we deny counsel's motion to withdraw.

The procedures set forth in *Anders* are applicable to an appeal from a trial court's order terminating parental rights when an appellant's appointed appellate counsel concludes that there are no non-frivolous issues to assert on appeal. *See In re P.M.*, No. 15-0171, 2016 WL 1274748, at *3 n.10 (Tex. Apr. 1, 2016) (citing *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998)); *In re P.M.H.*, No. 06-10-00008-CV, 2010 WL 1794390, at *1 (Tex. App.—Texarkana May 6, 2010, no pet.) (mem. op.). The *Anders* brief filed by Poole's counsel presents a professional evaluation of the record demonstrating why there are no arguable grounds for reversal. Counsel has established that she provided Poole with a copy of her brief, provided her with a copy of the appellate record, and notified her of her right to file a pro se response and the deadline within which to do so. Poole has not timely exercised her right to file a pro se response.

---

[1]In this opinion, we refer to the child and his parent by pseudonyms in order to protect the child's identity. *See* TEX. R. APP. P. 9.8.

Court-appointed counsel's brief meets the requirements of *Anders* by providing a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See Anders*, 386 U.S. at 744. Having thoroughly reviewed the record and counsel's brief, we agree with counsel's assessment that the appeal is frivolous and without merit. We find nothing in the record that could arguably support the appeal. *See id.* (emphasizing that reviewing court, not counsel, determines, after full examination of proceedings, whether appeal is wholly frivolous). Accordingly, we affirm the trial court's final order terminating Poole's parental rights to Gerald.

We deny counsel's motion to withdraw, however. In parental-rights termination cases, "counsel's belief that the client has no grounds to seek further review from the court of appeals' decision" is not "good cause" sufficient to justify counsel's withdrawal. *P.M.*, 2016 WL 1274748, at *3. Instead, an attorney's duty to his or her client extends through the exhaustion or waiver of "all appeals in relation to any final order terminating parental rights." TEX. FAM. CODE ANN. § 107.016(2)(B) (West 2014). If Poole wishes to pursue an appeal to the Supreme Court of Texas, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an Anders brief." *P.M.*, 2016 WL 1274748, at *3.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     August 25, 2016
Date Decided:       August 26, 2016

3