

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00090-CV

IN THE INTEREST OF L.A.F., A CHILD

On Appeal from the 62nd District Court
Lamar County, Texas
Trial Court No. 92919

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

Mother and Father appeal from the trial court's order terminating their parental rights to their child, L.A.F.[1]  In one issue on appeal, Mother argues that the trial court did not acquire personal jurisdiction over her, rendering the trial court's termination order void.   Father's appointed counsel has filed a brief pursuant to *Anders v. California* asserting that Father's appeal presents no issues of arguable merit.  *See Anders v. California*, 386 U.S. 738, 743–44 (1967). Because we find that Mother waived any defects in service by appearing and seeking the trial court's judgment on the merits of the Department's petition to terminate her rights, and because we agree with counsel's assertion that Father's appeal is frivolous, we affirm the judgment of the trial court.

## I.      Personal Jurisdiction

In Mother's sole issue on appeal, she argues that "[t]he trial court lacked *in personam* jurisdiction to enter a judgment terminating [her] parental rights because the record is devoid of a filed return of service evidencing service of citation that comports with the Texas Rules of Civil Procedure upon [her]."

### A.      Standard of Review

"To render a valid judgment, 'a court must have both subject-matter jurisdiction over a case and personal jurisdiction over the party it purports to bind.'"  *J.M. v. Tex. Dep't of Family & Protective Servs.*, No. 03-22-00435-CV, 2023 WL 213928, at *3 (Tex. App.—Austin Jan. 17, 2023, pet. denied) (mem. op.) (quoting *In re Guardianship of Fairley*, 650 S.W.3d 372, 379

---

[1]To protect the identity of the child and persons through whom the child could be identified, we will refer to the Appellants as "Mother" and "Father," and to the child by his initials.  *See* Tex. R. App. P. 9.8.

(Tex. 2022)).  "Establishing personal jurisdiction over a party requires 'citation issued and served in a manner provided for by law.'"  *Id.* (quoting *In re Guardianship of Fairley*, 650 S.W.3d at 380 (citing *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012))).  The Texas Family Code states that in a suit seeking termination of parental rights, citation "shall be issued and served as in other civil cases."  TEX. FAM. CODE ANN. § 102.009(c) (Supp.).  "If service is invalid, it is 'of no effect' and cannot establish the trial court's jurisdiction over a party."  *In re E.R.*, 385 S.W.3d at 563 (quoting *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam)).  A litigant is deprived of due process, and a trial court is deprived of personal jurisdiction, when there is a complete failure of service.  *Id.* at 566.  Thus, "the resulting judgment is void and may be challenged at any time."  *Id.*

"A party waives service of process and submits itself to the authority of the court if it makes a general appearance or files an answer."  *In re P.Y.M.*, No. 04-13-00024-CV, 2013 WL 4009748, at *2 (Tex. App.—San Antonio Aug. 7, 2013, pet. denied) (mem. op.) (citing TEX. R. CIV. P. 120, 121).  "If a party retains counsel and counsel appears in court on its behalf and 'seeks a judgment or an adjudication on some question,' the party is also considered to have appeared."  *Id.* (quoting *In re C.T.*, No. 13-12-00006-CV, 2012 WL 6738266, at *11 (Tex. App.—Corpus Christi–Edinburg Dec. 27, 2012, no pet.) (mem. op.)).  "[A] party enters a general appearance when it invokes the judgment of the court on any question other than the court's jurisdiction, recognizes by its acts that an action is properly pending, or seeks affirmative action from the court."  *J.O. v. Tex. Dep't of Fam. & Protective Servs.*, 604 S.W.3d 182, 189 (Tex.

App.—Austin 2020, no pet.) (alteration in original) (quoting *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004) (per curiam)).

### B. Mother's Appearance Waived Any Complaints of Defects in Service

Here, the Department filed its petition seeking termination of Mother's parental rights on October 18, 2024. An attorney ad litem was appointed for Mother by the trial court on October 23, 2024. The record establishes that Mother personally appeared for one adversary hearing on November 6, 2024, and otherwise generally appeared through counsel. Neither Mother nor her appointed counsel complained about lack of service and submitting to the court's jurisdiction. Mother's appointed counsel appeared ready at trial, though he noted that he had not been in contact with Mother. Mother's counsel participated in the hearing and asked questions of the witnesses. *See In re C.T.*, 2012 WL 6738266, at * 11. As a result, we hold that Mother's appearance at an adversary hearing, as well as her counsel's actions, established the trial court's personal jurisdiction over Mother. We, therefore, overrule Mother's sole issue.

Accordingly, we affirm the trial court's final order terminating Mother's parental rights to L.A.F.

## II. Termination of Father's Rights

Father's appointed counsel has filed an *Anders* brief in Father's appeal. "The procedures set forth in *Anders* are applicable to an appeal from a trial court's order terminating parental rights when an appellant's appointed appellate counsel concludes that there are no non-frivolous issues to assert on appeal." *In re G.P.*, 501 S.W.3d 252, 253 (Tex. App.—Texarkana 2016, no

pet.) (citing *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) (recognizing that *Anders* procedures apply in parental-rights termination cases)).

> Generally, in order to comply with the requirements of *Anders*, appointed counsel is required to comply with certain educational requirements along with the filing of the *Anders brief*, which includes advising the appellant that counsel filed the brief pursuant to *Anders*, that the appellant has the right to review the record and file a *pro se* response on his or her own behalf, and that the appellant has the right to have counsel file a petition for review on the appellant's behalf in the Texas Supreme Court.

*In re A.S.*, 653 S.W.3d 298, 299–300 (Tex. App.—Waco 2022, no pet.).

On November 13, 2025, counsel mailed to Father copies of the brief, the appellate record, and the motion to withdraw. Father was informed of his right to review the record and file a pro se response. On November 13, 2025, we notified Father that we received an *Anders* brief from counsel and informed Father that his pro se response, if any, was due on or before December 3, 2025. On December 18, 2025, we notified Father that the case would be set for submission on the briefs on January 8, 2026. We received neither a pro se response from Father nor a motion requesting an extension of time in which to file such a response.

Father's court-appointed counsel's brief meets the requirements of *Anders* by providing a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See Anders*, 386 U.S. at 744. Having thoroughly reviewed the record and counsel's brief, we agree with counsel's assessment that the appeal is frivolous and without merit. We find nothing in the record that could arguably support the appeal. *See id.* (emphasizing that reviewing court, not counsel, determines, after full examination of proceedings, whether appeal is wholly frivolous).

Accordingly, we affirm the trial court's final order terminating Father's parental rights to L.A.F. Even so, we deny Father's counsel's motion to withdraw. *See In re P.M.*, 520 S.W.3d at 27 (noting that in parental-rights termination cases, court-appointed counsel's duty to his client generally extends "through the exhaustion of appeals" "including the filing of a petition for review" in the Texas Supreme Court). If Father desires to pursue this matter in the Texas Supreme Court, counsel may fulfill his duty "by filing a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 28.

## III.	Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted:	January 8, 2026
Date Decided:	January 22, 2026